CHARLES E. CASHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12244. Promulgated October 27, 1947.

*Charles E. Cashman*, pro se.
*Maurice S. Bush, Esq.*, for the respondent.

#### OPINION.

ARUNDELL, *Judge*: The respondent determined a deficiency of $19 in petitioner's income tax for 1944. Petitioner is a resident of Chicago, Illinois, and filed his income tax return for the taxable year, on the

so-called short form, with the collector of internal revenue for the first district of Illinois.

Petitioner is a railroad switchman. In the taxable year he received wages of $4,061.65. In his return he deducted from his wages $33 union dues and $51 as the cost or expense of work clothes. He then computed his tax liability under Supplement T—that is, based on the table in section 400, Internal Revenue Code.

In the deficiency notice the respondent held that the union dues and work clothes items were not allowable deductions in computing adjusted gross income and determined the deficiency accordingly.

In addition to the two items deducted in his return, petitioner now claims a deduction of $58 for streetcar fare to and from work.

The only questions we have to decide are whether these three items, or any of them, are deductible in determining the petitioner's adjusted gross income, the tax base to which the optional taxes shown in the table in section 400 of the Internal Revenue Code apply. We think it clear that they are not so deductible under any of the pertinent provisions of section 22 (n) of the code.[1] Petitioner's trade or business consists of the performance by him of services as an employee, and there is no showing that he had any reimbursement or other expense allowance arrangement with his employer.

Petitioner apparently fails to understand that the taxes shown in the section 400 table, which he elected by filing the short form return, are so computed as to allow him credit for personal exemptions and a standard deduction equal to 10 per cent of his adjusted gross income, and that the standard deduction is in lieu of deductions other than those allowable in computing adjusted gross income under section 22 (n).

It may well be that if petitioner had chosen to report his income on the long form and itemize all his deductions, the union dues would be deductible under section 23 (a) (1) as a trade or business expense. We have some doubt whether, even in that event, the item claimed as

---

[1] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, *if such trade or business does not consist of the performance of services by the taxpayer as an employee* [italics added];

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;

\* \* \* \* \* \* \*

work clothes expense would be deductible, it not appearing from the record that petitioner was required to wear any particular type of uniform. Cf. *Louis Drill*, 8 T. C. 902. But it is clear that in no event would the streetcar fare to and from work be deductible. It has long been held that commuters' fares and expenses are personal rather than business expenses, and, therefore, are nondeductible by reason of section 24 (a) of the code. *Frank H. Sullivan*, 1 B. T. A. 93; *Charles H. Sachs*, 6 B. T. A. 68; Regulations 111, sec. 29.23 (a)-2.

The record does not show what other expenses or deductions the petitioner would be entitled to if he had chosen to report his income on the long form and itemize the deductions; but it seems likely, as the respondent suggests, that the petitioner's tax liability would be greater if so determined than it is under section 400.

*Decision will be entered for the respondent.*