John Sito v. Commissioner. Esther S. Sito v. Commissioner.
Sito v. Commissioner
Docket Nos. 19203, 19205.
United States Tax Court
1949 Tax Ct. Memo LEXIS 4; 8 T.C.M. (CCH) 1105; T.C.M. (RIA) 49300; December 28, 1949
*4 Armond M. Jewell, Esq., for the petitioners. H. A. Melville, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: These proceedings, consolidated for hearing and disposition, involve deficiencies in income tax liabilities and the 5 per cent negligence penalty for the years 1944 and 1945, as follows: Docket
Defi-
Pen-
Petitioner
No.
Year
ciency
alty
John Sito
19203
1944
$232.71
$11.64
1945
40.94
2.04
Esther S. Sito
19205
1944
232.70
11.64
1945
40.94
2.04
The only issue for our determination is whether the respondent erred in the disallowance of the following deductions claimed by the petitioner and his wife on their tax returns. John Sito
Esther S. Sito
Item
1944
1945
1944
1945
Contributions
$147.00
$163.50
$147.00
$163.50
Interest
72.00
26.25
72.00
26.25
Taxes
97.56
102.65
97.57
102.64
Losses
145.00
80.50
145.00
80.50
Miscellaneous Expense
469.25
436.25
469.25
436.25
From the evidence, both documentary and oral, we make the following Findings of Fact John Sito (referred to sometimes hereinafter as petitioner) *5 and Esther S. Sito, his wife, filed their income tax returns for the years in question with the collector of internal revenue for the sixth district of California. During the taxable years petitioner was employed as a mechanic with the Coast Grain Co., in Norwalk, California, which was located approximately 16 miles from his residence. Petitioner's wife was employed in the shipyards during 1944 and about four months of 1945. The shipyards, wherein she was an employee, were located about seven miles from her residence. During the last part of 1945 she was an employee in a restaurant in the capacity of a cashier-waitress. During the year 1944, the petitioners expended $129 for interest and $81.47 for taxes. During the year 1945, they expended $52.50 for interest and $37.39 for taxes. The interest was paid to M. L. Wolverton. The taxes were paid to city and county tax collectors of Los Angeles, California. Petitioner was a member of an automobile mechanic's union and paid dues in the amount of $30 for each year 1944 and 1945. Petitioner's wife was a member of an office worker's union and paid dues in the amounts of $18 for 1944 and $6 for 1945. In his capacity as a mechanic for *6 the Coast Grain Co., petitioner furnished his own work clothes and small tools. Some of his clothes were ruined by grease, oil and battery acids, and some of his small tools were stolen. Petitioner's work clothes consisted of rain coats, rain hat, special shoes (with steel caps), shirts, trousers, and coveralls. Petitioner was not required to wear any special clothing or uniform in connection with his work. Petitioner's work clothes were sent to the laundry at a cost of $2 per week. During the taxable years, petitioner's wife maintained a washing machine in her home which was used for her personal clothes. Petitioner and his wife purchased a 1935 Chevrolet during the year 1940 and maintained it during the taxable years. The purchase price paid was $278 in addition to a 1928 Pontiac trade-in. Petitioner used the Chevrolet in commuting "to and from" work, and also used it some in connection with his work. He began to use it in connection with his work as early as 1941. Petitioner was a member of the Catholic church and his wife was a member of a Baptist church. Petitioner and his wife filed their tax returns for the years here in question on a community property basis. The following *7 schedules, as they appeared in the tax returns, indicate the "break down" as to the deductions claimed by the petitioners and disallowed by the Commissioner. Community Property, year 1944
CONTRIBUTIONS
Catholic Church
$156.00
Red Cross
10.00
Salvation Army ( $15 cash, $35 clothing)
50.00
China Relief
3.00
U.S.O.
25.00
Tuberculosis Society
2.00
D.A.V.
2.00
Community Chest
10.00
Orthopedic Hospital
1.00
March of Dimes
7.00
American Legion
2.00
Vets. Foreign Wars
2.00
Rescue Mission
3.00
Soldiers & Sailors Relief
3.00
Army & Navy
3.00
Examiner War Wounded Fund
15.00
TOTAL CONTRIBUTIONS
$294.00
INTEREST
Mortgage on home - Herb Parker
$144.00
TAXES
Real Estate
$ 65.00
Personal property
23.58
Licenses
9.80
Federal Use
5.00
State Income
3.75
Sales Tax
85.00
City license
3.00
TOTAL TAXES
$195.13
LOSSES
Clothing ruined by grease
$150.00
Auto accident - Paramount Blvd. &
Downey
120.00
Small tools stolen
20.00
TOTAL LOSSES
$290.00
DEDUCTIBLE EXPENSES
Leather jacket
$ 22.50
Special shoes
36.00
Repair
7.50
Gloves
10.00
Goggles
10.00
Rubber boots
8.00
Rubber hat
2.00
Laundry of working clothes (only)
104.00
Trade magazines
3.00
Tools (val. $300) - depreciation, 3 yrs
100.00
Tools - yearly depreciation
25.00
1935 Chevrolet used in con. with bus. -
depr.
150.00
Gasoline
150.00
Oil
18.50
Repairs
100.00
Excessive transportation charges
52.00
Union dues
80.00
Unemployment Insurance
60.00
TOTAL DEDUCTIBLE EXPENSES
$938.50
Community Property, year 1945
CONTRIBUTIONS
Catholic & Baptist Churches
$156.00
Red Cross
15.00
Salvation Army ( $5 cash, $35 clothing)
40.00
China Relief
2.00
U.S.O.
35.00
Tuberculosis Society
2.00
D.A.V.
2.00
March of Dimes
10.00
Boy Scouts
2.00
American Legion
2.00
Vets. Foreign Wars
2.00
Rescue Mission
2.00
War Chest
18.00
Soldiers & Sailors Relief
2.00
Army & Navy
2.00
Examiner War Wounded Fund
5.00
Father Flanagan's School for Boys
10.00
St. Vincent de Paul - clothing
20.00
TOTAL CONTRIBUTIONS
$327.00
INTEREST
Mortgage on home (Herb Parks)
$ 52.50
TAXES
Real Estate
$ 90.91
Personal Property
23.58
Licenses
13.80
Sales Tax (extra purchases)
75.00
City License
2.00
TOTAL TAXES
$205.29
LOSSES
Clothing burned with acid & grease
$100.00
Auto accident in Long Beach, Pacific
& Anaheim
26.00
Theft of small tools
25.00
Glasses broken at work
10.00
TOTAL LOSSES
$161.00
DEDUCTIBLE EXPENSES
Special shoes
$ 30.00
Repair of shoes
7.50
Gloves
10.00
Goggles
10.00
Rain clothes - boots
8.00
hats
2.00
rubber coat
17.50
Laundering of working clothes (only)
104.00
Trade magazines
5.00
Tools (val. $300) - depreciation, 3 years
100.00
Tools - yearly depreciation
25.00
1935 Chevrolet used in connection with
work - depr.
150.00
Gasoline
150.00
Oil
18.50
Repairs
125.00
Union dues
80.00
Unemployment Insurance
30.00
TOTAL DED. EXPENSE
$872.50
*8 Opinion The issue here is whether respondent erred by disallowing certain deductions claimed by the petitioners on their income tax returns for the years 1944 and 1945. We have found as a fact that the petitioners expended $129 for interest during the year 1944 and $52.50 for interest during 1945. They also expended $81.47 for taxes during 1944 and $37.39 for taxes during 1945. Petitioner expended $30 during each of the years 1944 and 1945 for union dues. Petitioner's wife expended $18 for union dues during 1944 and $6 for union dues during 1945. We conclude that the respondent erred in the disallowance of these amounts as deductions on petitioners' 1944 and 1945 income tax returns. Petitioners introduced some evidence to substantiate certain contributions made to the Catholic Church and to a Baptist Church. The evidence submitted was the oral testimony of Esther Sito, one of the petitioners herein. No records were produced. We are asked to accept this testimony of an interested witness of proof of payment, without being supported or corroborated by any other evidence. It is not enough to overcome the presumption that the respondent's determination is prima facie correct. The *9 effect of the testimony of petitioner's wife here is a conclusion, given without any circumstances to gauge its accuracy. See Easton v. Bryant, 19 Fed. (2d) 857; Birnbaum v. Commissioner, 117 Fed. (2d) 395; Hoefle v. Commissioner, 114 Fed. (2d) 713; Hiram C. Wilson, 17 B.T.A. 976. The tax returns contain many contributions other than those designated as being contributions to the Catholic or Baptist churches, but no evidence was introduced at the hearing to substantiate any of them. Petitioners have not actually proved any contributions. However, it is probably true that some contributions were made during the taxable years. Applying Cohan v. Commissioner, 39 Fed. (2d) 540, and bearing heavily upon the petitioners because of their own inexactitude, we conclude that they should be allowed and we approve contribution deductions of $25 for each petioner in each of the taxable years. The only evidence we have before us in regard to taxes is the evidence from which we made the finding of fact referred to in the first paragraph of this opinion. The taxes there referred to are for city and county real estate taxes. No further *10 proof of taxes is found in the evidence. We, therefore, sustain the respondent in his disallowance of taxes except for the amount heretofore discussed. The only evidence we have to substantiate the losses claimed by the petitioners are certain statements made by petitioner's wife in which she testified that petitioner lost some clothing because it was ruined by grease, oil, and battery acids, but there is no way indicated for us to determine the accuracy of the amount claimed on the returns. At any rate, petitioner's wife testified that he was not required to wear any special clothing or uniform in connection with his work. Our attention has not been directed to nor have we found any regulation promulgated by the Commissioner or case decided by this or any other court wherein the cost of the wearing apparel of an automobile mechanic is allowed as a deduction in calculating a taxpayer's income tax liability. The mere fact that a taxpayer wears certain clothes when he works and such clothing wears out while he is on his job does not of itself change the expense from personal to business. Hence, on this basis alone, any losses occurring because of clothing being ruined would be a personal *11 expense rather than a deductible loss. The fact that petitioner was not required to wear any special clothing or uniform in his work would of itself rule out many of the items included in petitioner's returns under deductible expenses, such as leather jacket, special shoes, gloves, goggles, rubber boots, rubber hat, rubber coat laundering of work clothes, and repair of shoes. No evidence before us shows that the clothes were not also worn on the street, or other than at work; or that petitioner was not reimbursed. Under the record in this case we may not properly allow these items. Louis Drill, 8 T.C. 902; Harry A. Roberts, 10 T.C. 581; aff'd on other grounds, 176 Fed. (2d) 221; Charles E. Cashman, 9 T.C. 761. The only evidence we have concerning the small tools stolen is the fact that some small tools were stolen. The same situation exists here as above discussed in connection with clothing ruined. There is no way indicated for us to determine the accuracy of the amounts claimed on the returns. We have no evidence before us concerning any automobile accidents or glasses broken. Due to the failure of proof, we sustain the respondent's *12 position in regard to losses claimed by the petitioners on their returns. Petitioners claim depreciation on tools for $125 in 1944 and the same amount in 1945, of which we are foreclosed from allowing any depreciation for the reason that no bases have been shown. As to the depreciation of $150 per year claimed on a 1935 Chevrolet, it is also disallowed for the reason that petitioners have not proved the basis of the automobile. Petitioner's wife testified that they claimed about the same amount of depreciation on it in 1942 and 1943 as they did in 1944. In view of the testimony, we have no way to determine whether petitioners have any basis remaining in the automobile to claim depreciation on it during the taxable years. For the two years, petitioners claimed deductions for union dues in the total amount of $160. As indicated above, we have allowed, for the two years, a total $84of. The remainder of the amount claimed is disallowed for failure of proof. The other deductions under deductible expenses, such as gasoline, oil, repairs, excessive transportation charges, unemployment insurance, and trade magazines, fail for lack of evidence to substantiate. The petitioners introduced *13 no evidence in regard to the negligence penalty. We, therefore, hold that the respondent did not err in assessing a 5 per cent negligence penalty in accordance with Section 293 (a) of the Internal Revenue Code. Decisions will be entered under Rule 50.