GUSSIE P. CHAPMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL

REVENUE, RESPONDENT.

Docket No. 19426. Promulgated May 26, 1950.

*Gussie P. Chapman, pro se.*
*Douglas L. Barnes, Esq.*, for the respondent.

ARUNDELL, *Judge*: In this proceeding petitioner challenges respondent's determination of a deficiency in income tax for 1946 in the amount of $114.50 on the ground that her tax as computed under the tax table set out in section 400 of the Internal Revenue Code is not imposed on her "net income," as required by the statute.

Petitioner is an individual, residing in Helena, Montana, who filed her 1946 individual income tax return with the collector of internal revenue for the district of Montana.

During the taxable year, petitioner was employed as a file clerk by the Bureau of Internal Revenue. In her 1946 return she reported as her only income a salary of $1,606.27 and claimed the following deductions:

| | | |
|---|---:|---:|
| Contributions | | $11. 00 |
| Taxes: | | |
|     Real estate | $13. 42 | |
|     Telephone and tolls | 10. 09 | |
| | | 23. 51 |
| Loss from theft | | 65. 00 |
| Medical expense | | 32. 90 |
| Total deductions | | 132. 41 |

Petitioner filled in as follows the tax computation section on page 3 of her return which is headed "TAX COMPUTATION—FOR PERSONS NOT USING TAX TABLE ON PAGE 4":

| | |
|---|---:|
| Line 1, adjusted gross income | $1, 606. 27 |
| Line 2, deductions | 132. 41 |
| Line 3, net income | 1, 473. 86 |
| Line 4, exemption | 500. 00 |
| Line 5, difference | 973. 86 |
| Line 6, tentative tax | 70. 00 |
| Line 7, 5% of amount entered on line 6 | 3. 50 |
| Line 8, combined normal tax and surtax | 66. 50 |

The tentative tax in the amount of $70, entered on line 6 on page 3 of petitioner's return, was not computed at the rates prescribed by sections 11 and 12 of the Internal Revenue Code, but was taken from the tax table on page 4 of Form 1040 and section 400, and represents the amount of tax for an individual with one exemption having an income of at least $950 but not more than $975.

Petitioner claimed a refund of the difference between the amount withheld from her salary and the tax liability shown on her return, computed as follows:

Amount of tax withheld_____ $193. 90
Tax liability per return_____ 66. 50
_____
Overpayment claimed_____ 127. 40

The amount of $127.40 was refunded to petitioner prior to the audit of her return.

After examination, a 30-day letter was issued to petitioner by the collector under date of December 29, 1947, explaining that the deductions she had claimed in the amounts of $10.09 for Federal excise taxes and $32.90 for medical expenses were not deductible for income tax purposes, for the reason that excise taxes may only be deducted as business expense or expense incurred in the production of income, and that her medical expenses failed to exceed 5 per cent of her adjusted gross income. The collector further held that petitioner had used parts of both methods in determining her tax and, since she had failed to indicate a clear election to use either sections 11 and 12 or section 400, the liability was computed under the method which produced the smaller tax. Her liability under sections 11 and 12, based upon the allowable deductions and one personal exemption, was determined to be $193.20. Her liability under section 400, using the tax table provided therein, was determined in the amount of $181. The 30-day letter and the subsequent statutory notice of deficiency determined a deficiency in the amount of $114.50, representing the difference between a liability of $181 and the tax in the amount of $66.50 shown to be due on petitioner's return.

The law governing the manner in which the income tax liability of an individual taxpayer shall be computed is clear and unambiguous. Sections 11 and 12 of the Internal Revenue Code impose a normal tax and a surtax upon the net income of every individual taxpayer. However, both sections provide that a taxpayer may elect to pay an alternative tax under section 400 of Supplement T in lieu of the normal tax and surtax if his adjusted gross income for the taxable year is less than $5,000. The Internal Revenue Code as applicable to the year 1946, by Supplement T—Individuals With Adjusted Gross Income of Less Than $5,000, section 400, provides in part as follows:

SEC. 400. IMPOSITION OF TAX.

In lieu of the taxes imposed by sections 11 and 12, there shall be levied, collected, and paid for each taxable year *upon the net income* of each individual whose adjusted gross income for such year is less than $5,000, and who has elected to pay the tax imposed by this supplement for such year, the tax shown in the following table: [Emphasis supplied.]

The crux of the petitioner's argument is that, although section 400 provides that the tax shall be levied, collected, and paid *upon the net income* of each individual, the effect of the table contained in section

400 is to impose the tax upon her adjusted gross income.* Therefore, petitioner contends that she has been deprived of the benefit of those deductions and credits claimed in her original return and has not been taxed on her *"net income,"* as required by the statute. Petitioner's contention arises from a complete misunderstanding of the method by which her tax has been computed under the table set out in section 400.

The tax table questioned by petitioner uses as a starting point the taxpayer's adjusted gross income, which figure represents the taxpayer's gross income less the business deductions allowed by section 22 (n). It further provides for an automatic allowance equal to approximately 10 per cent of the taxpayer's gross income, which Congress determined "to be the effect of the average amount of deductions taken by persons in the lower income brackets." See S. Rept. No. 673, Part 1, 77th Cong., 1st sess., 1941–2 C. B. 466, 473, 485; H. Rept. No. 1203, 77th Cong., 1st sess., 1941–2 C. B. 509, 510; H. Rept. No. 1365, 78th Cong., 2d sess., 1944 C. B. 821, 823, 836; S. Rept. No. 885, 78th Cong., 2d sess., 1944 C. B. 858. Finally, the table gives effect to a taxpayer's personal exemption and credits for dependents.

If the petitioner's net income were to be determined by allowing a deduction equal to 10 per cent of petitioner's gross income and a personal exemption of $500, and the rates imposed under sections 11 and 12 were then applied to this amount, the tax so computed would be within a few cents of $181, the amount shown by the table. Moreover, had the petitioner claimed all the actual deductions and credits to which she was entitled in computing her 1946 tax under sections 11 and 12, her normal tax and surtax would have been at least $193.20. Thus, it is clear that the tax arrived at under the tax table set out in section 400 is, in fact, imposed on the petitioner's net income, in compliance with the requirements of the statute.

The practical effect of permitting the petitioner to itemize her deductions as if she were computing her tax under sections 11 and 12 and thereafter to use the tax table provided for in section 400, embodying the automatic allowance for the same deductions, would be to give her the benefit of double deductions. Such a result was obviously never intended by Congress in providing the alternative tax under section 400. It therefore follows that the method used by the respondent in recomputing petitioner's income tax liability for the calendar year 1946 was proper and that his determination of the deficiency in the amount of $114.50 was correct.

Petitioner also contends that any and all interest charges in respect to the deficiency determined by the respondent be canceled since it was the fault of the collector's office that a refund was granted to the petitioner before her return was checked for errors. No discussion

---

*For a definition of "adjusted gross income" see section 22 (n), I. R. C.

of the merits of this issue is necessary or proper in the instant case, as the law is now well established that this Court has no jurisdiction over matters concerning interest. *Commissioner* v. *Kilpatrick's Estate*, 140 Fed. (2d) 887.

*Decision will be entered for the respondent.*