Alfred A. Simon, Jr. v. Commissioner.
Simon v. Commissioner
Docket No. 26755.
United States Tax Court
1952 Tax Ct. Memo LEXIS 209; 11 T.C.M. (CCH) 503; T.C.M. (RIA) 52151; May 22, 1952
*209 Charles G. Jacques, Jr., Esq., for the petitioner. Jackson L. Bailey, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency of $173.96 in the petitioner's income tax for 1947. The only issue presented is the amount the petitioner is entitled to deduct for traveling expenses incurred in the course of his employment. Findings of Fact The petitioner is a resident of New Orleans, Louisiana, and filed his income tax return (long form) for 1947 with the collector of internal revenue for the district of Louisiana. During 1947 the petitioner was employed by the Pullman Company as a porter. From the first of the year until about September 15 his run was over the Louisville & Nashville Railroad from New Orleans to Cincinnati, Ohio, and return. From about October 2 until the end of the year his run was over the Southern Pacific Railroad from New Orleans to Los Angeles, California, and return. In making the round-trip run between New Orleans and Cincinnati, the petitioner reported for work in New Orleans at 7 A.M., departed at 8 A.M., and arrived in Cincinnati the following day about 11 A.M. He *210 remained in Cincinnati until 6 P.M. of the day of his arrival when he departed for New Orleans where he arrived about 8 P.M. of the following day. His usual stay in New Orleans between runs would be four nights and three days. In making the round-trip run between New Orleans and Los Angeles, the petitioner would leave New Orleans at 11 A.M., and arrive in Los Angeles about 8 A.M. of the second morning. He would remain in Los Angeles until 3 P.M. of the day following his arrival when he would depart for New Orleans where he would arrive about 4 P.M. of the second day. His usual stay in New Orleans between runs would be six nights and five days. The Pullman Company furnished sleeping quarters free to the petitioner for his layover in Cincinnati. However, he provided his own quarters while on the layover in Los Angeles, where he took a room at the Rossmore Hotel. The petitioner was allowed a discount of 33 1/3 per cent from the standard charge on the meals he ate on the train. Normally he used a taxicab from his home when he reported for work in New Orleans and when he returned home after having completed his runs. The petitioner included the taxicab fares in the deduction taken by *211 him for traveling expenses. During 1947 the petitioner's family consisted of himself and his wife and in that year he paid $25 per month for house rent. In his income tax return for 1947 the petitioner reported as income $2,299.99 received as compensation from the Pullman Company and $125 received as tips, or a total income of $2,424.99. From that amount he deducted a total of $1,156.78, composed of $850 shown as traveling expenses while on the road and $306.78 shown as contributions, union dues, taxes on food and clothing, drugs, doctor bills and insurance premiums. Against the remainder, $1,268.21, personal exemptions of $1,000 were taken, leaving $268.21, on which a tax of $49.04 was computed. Tax withheld having been shown as $189.90, an overpayment of $140.86 was shown on the return. In determining the deficiency the respondent disallowed the deduction of $850 for traveling expenses because of the petitioner's failure to substantiate it and determined the petitioner's tax liability from the optional table contained in Supplement T, Section 400 of the Internal Revenue Code. During 1947 the petitioner expended $500 for traveling expenses in the course *212 of his employment. Opinion The only question presented is the amount the petitioner is entitled to deduct for traveling expenses incurred during the taxable year in the course of his employment. We think it is clear that the petitioner had some traveling expenses and that the respondent erred in not allowing any deduction thereof. Cohan v. Commissioner, 39 Fed. (2d) 540. However, we are unable to find from the record that the petitioner is entitled to deduct the full amount claimed. Such notes or records as petitioner may have made of his expenses while away from home in the course of his employment were thrown away along with his copies of his time sheets showing the runs he made during the year and the time spent on each. He has made no attempt to obtain from the Pullman Company a record of the trips actually made in 1947 or of the time he was away from home on these trips. His testimony of the expenses in question was obviously based on estimates made in retrospect. That his memory of what transpired is not very accurate is indicated by the fact that in his petition he stated that the deduction taken in the return for traveling expenses was based on 142 days *213 of travel, while at the hearing he placed the number of days of his travel at 171. Furthermore, the claim at the hearing was that he made 43 round-trip runs between New Orleans and Cincinnati during 1947, and though the petitioner testified that on each of his layovers he used the free sleeping quarters supplied to him by the Pullman Company, he was unable to remember the street on which they were located. After having carefully considered all the evidence bearing on the question in the light of the rule in Cohan v. Commissioner, supra, we have concluded and so found as a fact that the petitioner expended $500 for traveling expenses during the taxable year. That amount will be allowed as a deduction in a recomputation of the deficiency. In making the foregoing finding, no allowance has been made for taxicab fares between the petitioner's home and the railroad yard where he reported for work and from which he left for home. Such amounts are not allowable deductions in computing net income. Charles E. Cashman, 9 T.C. 761. Decision will be entered under Rule 50.