Ray L. Owens v. Commissioner.
Owens v. Commissioner
Docket No. 3693-65.
United States Tax Court
T.C. Memo 1968-4; 1968 Tax Ct. Memo LEXIS 292; 27 T.C.M. (CCH) 15; T.C.M. (RIA) 68004; January 8, 1968, Filed Ray L. Owens, pro se, 3224 Diane Dr., Oklahoma City, Okla. Robert S. Leigh, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: In a notice of deficiency dated April 5, 1965, respondent determined liabilities for income tax including self-employment tax, and additions to tax under section 6651(a), 6653(a) and 6654(a) of the Internal Revenue Code *293 of 1954, for the years 1958 through 1963 in the following amounts: Year
Income Tax [1]
Self-Employ- mentTax
Section 6651(a)
Section 6653(a)
Section 6654(a)
1958
$326.71
$ 70.71
$81.68
$16.34
$ 7.17
1959
176.09
51.09
44.02
8.80
3.50
1960
249.03
74.03
62.26
12.45
4.89
1961
275.94
131.54
68.99
13.80
4.04
1962
301.24
137.24
75.31
15.06
4.59
1963
292.32
180.90
73.08
14.62
3.12
As a result of a stipulation of the amount of the petitioner's adjusted gross income and a concession by the respondent that petitioner qualifies for exemption from the self-employment tax, only one issue remains for decision: Whether petitioner is liable for additions to tax under sections 6651(a), 6653(a) and 6654(a) for each of the taxable years 1958 through 1963. [2]
Findings of Fact Some of the facts have been stipulated by the parties. They are hereby found accordingly and adopted as part of our findings. Petitioner, a legal resident of Oklahoma City, Oklahoma, was a self-employed independent *294 contractor engaged in performing odd jobs for hire during the years 1958 through 1963. His work consisted mainly of home improvements and repairs, including carpentry, painting, plumbing, landscaping and yard work. None of his income during these years consisted of wages subject to the social security tax. Prior to the investigation of his liabilities petitioner filed no United States individual income tax returns or declarations of estimated tax and paid no estimated tax for the 16 years in controversy. He maintained no books and records of his income producing activities. He has never had a bank checking account, savings account, credit charge account, or bank safety deposit box. In the taxable years involved he dealt exclusively in cash or its equivalent in his business and maintained no records of transactions with customers or suppliers. In the absence of records, respondent resorted to the use of the cash expenditures method in determining the following amounts of adjusted gross income: Year
Amount
1958
$2,095.00
1959
1,362.50
1960
1,645.00
1961
2,923.00
1962
2,920.00
1963
3,350.00
Petitioner stipulated to the reasonableness of the determinations *295 which were made. Since 1952 petitioner has been a member and minister of a religious sect, the Church of the First Born, which, as one of its tenets, conscientiously opposes acceptance of the benefits of any public or private system of insurance, including the social security program. He personally adheres to such beliefs and did so during the years in controversy. At the trial respondent conceded that the petitioner had qualified for the exemption from the self-employment tax accorded certain individuals by Code section 1402(h) and is not liable for such tax for the years 1958 to 1963, inclusive. Petitioner was aware at the time the returns were due that the tax statutes obligated him to file Federal income tax returns for the years covered by the notice of deficiency. In 1952 he had filed an income tax return for 1951 in order to receive a refund. Prior to the investigation of his liabilities, he informed no official of the Internal Revenue Service of his reasons for not filing returns and paying taxes for the years in controversy. He did not advise the district director of his objection to self-employment taxes. He did not consult with any lawyer or expert on his obligation *296 to file returns but relied on his own judgment. He made no attempt to pay his income tax liabilities aside from the self-employment taxes even though he had no conscientious objection to payment of income taxes. He had no definite plan of ultimately paying his income taxes and kept no records to enable him to compute them. Respondent's agents contacted petitioner and initiated the procedures which led to the determination of his tax liabilities. The petitioner's failure to file income tax returns was not due to reasonable cause but was due to willful neglect. At least a part of the underpayment of tax was due to negligence or an intentional disregard of the statutes and the regulations. Opinion Code section 6651(a)[3] imposes a maximum addition to the tax of 25 percent of the amount of the required tax in case of a failure to file an income tax return unless "it is shown that such failure is due to reasonable cause and not due to willful neglect." Code section 6653(a)[4] imposes a 5 percent addition to any underpayment of tax if any part of such underpayment is "due to negligence or intentional disregard of rules and regulations (but without intent to defraud)." Thus, the questions *297 are whether, under section 6651(a), petitioner's failure to file returns was "due to reasonable cause and not due to willful neglect" and, under section 6653(a), whether his failure to pay his taxes on time was "due to negligence or intentional disregard of rules and regulations." We conclude that both additions to tax must be applied. *298 Petitioner contends that the statutes requiring him to file income tax returns which included the self-employment tax violated his right to religious freedom since he was, and is, conscientiously opposed on religious 17 grounds to participation in the social security program. He further contends that, in any event, he conscientiously believed that the Constitution relieved him of the generally applicable statutory duty to file returns and - if we understand his argument correctly - this constituted "reasonable cause." Similar arguments were presented and rejected in Abraham J. Muste, 35 T. C. 913 (1961), where the petitioner failed to file returns and pay taxes because, on grounds of religion and conscience, he opposed payment of taxes to be used in part for war purposes or preparation for war. Basing our conclusion on a review of the decided cases interpreting the First Amendment to the Constitution, we said (pp. 918-919): It is clear * * * that a taxing statute is not contrary to the provisions of the first amendment unless it directly restricts the free exercise by an individual of his religion. We think it clear that, within the intendment of the first amendment, *299 the Internal Revenue Code, in imposing the income tax and requiring the filing of returns and the payment of the tax, is not to be considered as restricting an individual's free exercise of his religion. We adhere to these views. Filing returns and paying the tax would not have required acceptance of social security benefits. In any event, only the additions attributable to the income tax remain in controversy; petitioner, admittedly not opposed to the income tax on religious grounds, made no effort to comply with the income tax features of the law. Similarly, in the Muste case, we rejected the argument that a conscientious belief that a tax statute is unconstitutional is, standing alone, reasonable cause for knowingly failing to file the returns. Our reasoning in that case is applicable here (35 T. C. at p. 920): Whether under some circumstances a belief of unconstitutionality of a tax law might be considered reasonable cause for failure to file, we need not here decide. Here the petitioner did not act as an ordinary prudent man would act in arriving at a conclusion upon the constitutional question. He testified that he did not consult any expert on constitutional *300 or tax law and that despite the fact that he did not have an informed opinion as to what the courts might hold on the constitutional question he nevertheless was prepared to refuse to file and pay the tax. Under all the circumstances we have concluded and have found as a fact that the petitioner's failure to file returns and declarations was not due to reasonable cause but was due to willful neglect. Professed religious beliefs, however sincerely held, cannot be the basis for permitting every citizen to become a law unto himself. "Mere uninformed and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file." Robert A. Henningsen, 26 T.C. 528, 536 (1956), 243 F. 2d 954 (C. A. 4, 1957). The enactment in 1965 of Code section 1402(h) granting a 6lmited exemption from self-employment tax does not aid petitioner as to the contested additions applied to the income tax. [5] That section exempts members of recognized religious sects or divisions thereof who are adherents of established tenets or teachings of such sects by reason of which *301 they are conscientiously opposed to acceptance of the benefits of any private or public insurance, including social security. But the section is hedged with requirements of documentation of the exemption through application to the Secretary of Health, Education and Welfare and waivers of benefits under the Social Security Act. The Secretary must find that "it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living." Section 1402(h)(1)(D). Also, the section prescribes time limits for filing the application for the exemption. Thus, enactment of the section does not support the reasonableness of petitioner's cause for failure to file returns when due. Neither the language of the section nor the accompanying reports indicate that Congress thought the section constitutionally necessary. See H. Rept. No. 213, 89th Cong., 1st Sess. 101 (1965); S. Rept. No. 404, 89th Cong., 1st Sess. 115 (1965). *302 Since the petitioner made no estimated tax payments, none of the exceptions in Code section 6654 to the additions to the tax therein prescribed apply and application of the section is mandatory. The Court 18 is not permitted to consider extenuating circumstances. Estate of Barney Ruben, 33 T.C. 1071 (1960). At the trial and on brief, though not in the petition, petitioner asked us to review his liability for interest on the underpayments. This Court lacks jurisdiction over the determination of such interest questions. Gussie P. Chapman 14 T. C. 943 (1950), affirmed per curiam 191 F. 2d 816 (C.A. 9, 1951), certiorari denied 343 U. S. 905 (1952). Decision will be entered under Rule 50. Footnotes
1. These sums include the determined self-employment tax liabilities.↩
2. All Code references are to the Internal Revenue Code of 1954.↩
3. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 * * *, on the date prescribed therefor * * *, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
4. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
5. Respondent has conceded that petitioner has qualified under section 1402(h) for the retroactive exemption from the self-employment tax and the related additions to tax determined in the notice of deficiency.↩