Frederick W. Bredahl v. Commissioner.
Bredahl v. Commissioner
Docket No. 3320-67.
United States Tax Court
T.C. Memo 1968-223; 1968 Tax Ct. Memo LEXIS 78; 27 T.C.M. (CCH) 1094; T.C.M. (RIA) 68223; September 30, 1968. Filed Frederick W. Bredahl, pro se, 2 Charlestown Rd., Phoenixville, Pa. Mary Ann Hagan, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's 1964 Federal income tax in the amount of $141.20. The sole issue raised by the pleadings is whether petitioner was entitled, under section 151(e)(1), Internal Revenue Code of 1954, [1] to claim his daughter as a dependent on his Federal income tax return for the taxable year 1964, or was *79 denied that privilege by virtue of section 151(e)(2) or section 152(a). [2]
Findings of Fact Some of the facts have been stipulated and are so found. The stipulation and 1095 exhibits thereto are incorporated herein by this reference. Frederick W. Bredahl, the petitioner, was a legal resident of Phoenixville, Pennsylvania, at the time of the filing of the petition herein. The petitioner and his wife, Bertha C. Bredahl, who is not a party to this action, filed a joint Federal income tax return for the taxable year 1964 with the district director of internal revenue at Philadelphia, Pennsylvania. In this return, petitioner claimed his daughter, Leah, a 21-year-old college student, as a dependent. Leah was married in April of 1964 and, unknown to petitioner, she and her husband filed a joint Federal income tax return for the taxable year 1964. In February 1968 respondent informed *80 petitioner of this latter fact. Leah did not reside with petitioner subsequent to her marriage, and petitioner had little contact with her thereafter. Respondent determined the disputed deficiency, by notice dated April 3, 1967, disallowing the claimed dependency exemption. Opinion The controlling statutory language is found in Code sections 151(e)(2)[3] and 152(a). [4] Because Leah, the claimed dependent, "made a joint return with [her] spouse," and because the evidence does not show that petitioner contributed "over half of [Leah's] support" for the year in question, Aaron F. Vance, 36 T.C. 547, 549 (1961); Bernard C. Rivers, 33 T.C. 935 (1960), the dependency exemption cannot be allowed. *81 All this was conceded by the petitioner at the trial. However, petitioner contends that he should not be required to pay interest on the resulting tax liability because, when he filed his return, he was unaware that he was not entitled to the dependency exemption and was not informed by respondent that his daughter filed a joint return with her spouse until February 1968. Had he known earlier that he was not entitled to the exemption for his daughter, he contends, he could have paid the tax and avoided the accumulation of interest. While we may sympathize with petitioner, we cannot grant the relief which he seeks. This court has no jurisdiction over the determination of liability for interest on deficiencies. Gussie P. Chapman, 14 T.C. 943, 947 (1950), affd. 191 F. 2d 816 (C.A. 9, 1951), certiorari denied 343 U.S. 905 (1952); Commissioner v. Kilpatrick's Estate, 140 F. 2d 887 (C.A. 6, 1944), affirming a Memorandum Opinion of this Court. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. Counsel for respondent at the hearing orally moved that the petition be dismissed for lack of prosecution. This motion was taken under advisement and, after due consideration, it is denied.↩
3. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. * * * (e) Additional Exemption for Dependents. - * * * (2) Exemption denied in case of certain married dependents. - No exemptions shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. ↩
4. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (1) A son or daughter of the taxpayer * * *↩