ANTHONY TARANTO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Taranto v. Commissioner
Docket No. 8781-73.
United States Tax Court
T.C. Memo 1975-372; 1975 Tax Ct. Memo LEXIS 4; 34 T.C.M. (CCH) 1600; T.C.M. (RIA) 750372; December 31, 1975, Filed Anthony Taranto, pro se. R. E. Marum, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $444 deficiency in petitioner's 1971 income tax. The issues for decision [1] are: 1. Whether petitioner is entitled both to itemize his deductions and use the optional tax tables. *6 2. Whether petitioner's receipt of a refund with respect to his 1971 return prevents respondent from thereafter auditing the return and determining a deficiency with respect to 1971. FINDINGS OF FACT Petitioner was a resident of New York City when he filed his petition. Petitioner, a truck driver, is single and without dependents. On his 1971 income tax return he reported gross income and adjusted gross income of $7,237.95. From that adjusted gross income he deducted $1,401.15 [2] of itemized deductions and a $675 personal exemption, resulting in taxable income of $5,161.80. Then, apparently employing the optional tax table (Head of Household column), he determined his tax to be $561. Since $780 in tax had been withheld from his wages, petitioner showed that he had overpaid his tax by $219 and indicated he wanted that amount refunded. Petitioner subsequently received a refund. Thereafter, respondent audited petitioner's 1971 return and determined the deficiency here in issue. *7 During the audit, respondent concluded that petitioner had erred in the calculation of his medical expense deduction. Petitioner had mistakenly totaled all the figures listed on the return, including the figures for one percent and three percent of adjusted gross income, in arriving at a final medical expense deduction of $746.12. After disallowing one-half of petitioner's $150 claim for medical insurance and correctly calculating petitioner's medical expense deduction, respondent determined petitioner's total itemized deductions to be $730 [3] (itemized deductions on return of $1,401.12 less disallowed medical expense of $671.12). Since the low income allowance [4] for 1971 was $1,050 and thus greater than the total of petitioner's itemized deductions, respondent computed petitioner's tax in the statutory notice by using the optional tax tables, which incorporate the low income allowance. Using the tax tables, the tax for a single taxpayer with adjusted gross income of $7,237.95 is $1,005. Petitioner reported tax of $561 on his 1971 return. The deficiency is the difference of $444 ($1,005 less $561). *8 OPINION The first question is whether petitioner is entitled both to itemize his deductions and use the optional tax tables. The answer is clearly no. Section 3, read together with section 63, [5] does not permit optional tax tables to be used together with itemized deductions. Section 1.3-1(c), Income Tax Regs. (by implication); see Gussie P. Chapman,14 T.C. 943 (1950), affd. percuriam191 F. 2d 816 (9th Cir. 1951), cert. denied 343 U.S. 905 (1952); Charles E. Cashman,9 T.C. 761 (1947) (the above two cases were decided under section 400 of the 1939 Code, a section substantially similar to section 3). [6] If petitioner were allowed both to itemize and use the optional tax tables, he would be receiving a double deduction, since the tables already incorporate the full benefits of the deduction for personal exemptions and the larger of either of the standard deduction or low income allowance. Sections 3, 141; [7] see Chapman,supra at 946. Respondent has correctly calculated petitioner's medical deduction, and, by using the optional tax tables, has computed petitioner's tax in the manner most *9 advantageous to petitioner. *10 The second question is whether petitioner's receipt of a refund for 1971 prevents respondent from thereafter auditing 1971 and determining a deficiency with respect to that year. Again, the answer is clearly no. Refunds made by respondent on the basis of a taxpayer's unaudited return are not final determinations. Returns are still subject to final audit and adjustment. Rendell Owens,50 T.C. 577, 583 (1968); Richard E. Warner,33 T.C.M. 1080, 1081, 43 P-H Memo. T.C. par. 74-243 at p. 74-1005 (1974), affd. 526 F.2d 1 (9th Cir. Nov. 5, 1975, 75-2 U.S.T.C. par. 9848, 36 A.F.T.R. 2d par. 75-5367). Decision will be entered for the respondent.
Footnotes
1. In his tax return, petitioner deducted $150 for medical insurance premiums, which respondent subsequently reduced to $75. At a pretrial conference, petitioner informally conceded the correctness of respondent's redetermination and presented no evidence on this point at trial.↩
2. Schedule A of petitioner's return lists $1,401.12 as the total of his itemized deductions. However, $1,401.15 is the figure appearing on page 2 of petitioner's Form 1040. The discrepancy is evidently due to an error in transcription.↩
3. Respondent apparently also corrected for petitioner's three cent transcription error noted in fn. 2 above. ↩
4. The low income allowance is an alternative to the percentage standard deduction and provides greater benefits to low-income taxpayers than available under the percentage standard deduction. Section 141. All section references in this opinion are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
5. Section 3 provides that: In lieu of the tax imposed by section 1, there is hereby imposed for each taxable year beginning after December 31, 1969, on the taxable income of every individual whose adjusted gross income for such year is less than $10,000 and who has elected for such year to pay the tax imposed by this section, a tax determined under tables, applicable to such taxable year, which shall be prescribed by the Secretary or his delegate. In the tables so prescribed, the amounts of tax shall be computed on the basis of the taxable income computed by taking the standard deduction and on the basis of the rates prescribed by section 1. Section 63 provides that: (a) General Rule.--Except as provided in subsection (b), for purposes of this subtitle the term "taxable income" means gross income, minus the deductions allowed by this chapter, other than the standard deduction allowed by part IV (sec. 141 and following). (b) Individuals Electing Standard Deduction.--In the case of an individual electing under section 144 to use the standard deduction provided in part IV (sec. 141 and following), for purposes of this subtitle the term "taxable income" means adjusted gross income, minus-- (1) such standard deduction, and (2) the deductions for personal exemptions provided in section 151. ↩
6. See H. Rept. No. 1337, 83d Cong., 2d Sess. A-11 (1954). Section 400 became a part of the 1939 Code in 1941. Revenue Act of 1941, ch. 412, sec. 102a, 55 Stat. 689. Congress at that time stated that "[if] the taxpayer elects to use this method, no deductions or credits against net income are allowed." S. Rept. No. 673, 77th Cong., 1st Sess. (1941), 1941-2 C.B. 466, 473, 485-486. The original wording of section 400 was: In lieu of the tax imposed under sections 11 and 12, an individual may elect, for each taxable year, to pay the tax shown in the following table if his gross income for such taxable year is $3,000 or less and consists wholly of one or more of the following: Salary, wages, compensation for personal services, dividends, interest, rent, annuities, or royalties * * * For the year in issue in the Chapman case, 1946, this section had been altered to read: In lieu of the taxes imposed by sections 11 and 12, there shall be levied, collected, and paid for each taxable year upon the net income of each individual whose adjusted gross income for such year is less than $5,000, and who has elected to pay the tax imposed by this supplement for such year, the tax shown in the following table * * * The court in Chapman rejected the taxpayer's claim that the addition of "upon the net income" to the section allowed her to both itemize and take the standard deduction. Chapman,supra at 945-946. With the enactment of the 1954 Code, the section was renumbered from 400 to 3 and reworded. Its substance, however, remained unchanged: In lieu of the tax imposed by section 1, there is hereby imposed for each taxable year, on the taxable income of each individual whose adjusted gross income for such year is less than $5,000 and who has elected for such year to pay the tax imposed by this section, the tax shown in the following table: * * * Although subsequent amendments have altered the rate schedule, adjusted the income ceiling for eligible low income taxpayers, and computed the low income allowance into the tables, the general thrust and outline of the section has survived to the present. ↩
7. The relevant portion of section 141(a) states: "* * * the standard deduction referred to in this title is the larger of the percentage standard deduction or the low income allowance."↩