RICHARD W. STERLING AND MARY W. STERLING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sterling v. Commissioner
Docket No. 10863-79.
United States Tax Court
T.C. Memo 1981-732; 1981 Tax Ct. Memo LEXIS 12; 43 T.C.M. (CCH) 197; T.C.M. (RIA) 81732; 2 Employee Benefits Cas. (BNA) 2326; December 28, 1981. *12 In 1964, petitioner Richard W. Sterling, a self-employed attorney, established an owner-employee retirement plan. From 1964 through 1975, he contributed a total of $ 15,000 to the plan and claimed deductions therefor of $ 8,750. In 1975, he terminated his participation in the plan and received a distribution of $ 15,724.90. Petitioner was 53 years of age at the time of the distribution. Held, respondent's determination of the tax applicable to the distribution under sec. 72(m)(5)(B)(i), I.R.C. 1954, is sustained. Richard W. Sterling, pro se. Stephen J. Morrow, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a $ 4,913.51 deficiency in petitioners' 1975 Federal income tax. After concessions, the sole issue for decision is the amount of the tax imposed under section 72(m)(5)[1] upon a premature distribution to Richard W. Sterling from an owner-employee retirement plan. [2] *13 All the facts have been stipulated and are found accordingly. The facts necessary for the resolution of this case are set forth below. Richard W. Sterling (hereinafter petitioner) and Mary W. Sterling, husband and wife, resided in Belleville, Illinois, when they filed their joint Federal income tax return for the 1975 calendar year with the Internal Revenue Service Center, Kansas City, Missouri, and when they filed their petition in this case. Petitioner has been self-employed as an attorney in Belleville, Illinois, since 1950. In 1964, petitioner established an owner-employee retirement plan pursuant to section 401(a). From 1964 through 1975, he contributed a total of $ 15,000 to the retirement plan and claimed deductions therefor of $ 8,750. On October 15, 1975, *14 petitioner terminated his participation in the retirement plan and received a distribution of the entire account balance of $ 15,724.90. Petitioner was 53 years of age at the time of the distribution. On his 1975 tax return, petitioner reported $ 725 of income from the distribution and computed a tax of $ 73 thereon. In the notice of deficiency, respondent determined that $ 9,475 of the distribution was includable in petitioners' income. Furthermore, respondent determined that a tax of $ 4,294.51 was applicable to the distribution under section 72(m)(5)(B)(i). [3] For taxable years ending after September 2, 1974, and before January 1, 1976, section 72(m)(5) provides, in pertinent part, as follows: [4] *15 (5) Penalties applicable to certain amounts received by owner-employees. (A) This paragraph shall apply-- (i) to amounts (other than any amount received by an individual in his capacity as a policyholder of an annuity, endowment, or life insurance contract which is in the nature of a dividend or similar distribution) which are received from a qualified trust described in section 401(a) or under a plan described in section 403(a) and which are received by an individual, who is, or has been, an owner-employee, before such individual attains the age of 59 1/2 years, for any reason other than the individual's becoming disabled (within the meaning of paragraph (7) of this subsection), but only to the extent that such amounts have attributable to contributions paid on behalf of such individual (other than contributions made by him as an owner-employee) while he was an owner-employee, and (b)(i) If the aggregate of the amounts to which this paragraph applies received by any person in his *16 taxable year equals or exceeds $ 2,500, the increase in his tax for the taxable year in which such amounts are received and attributable to such amounts shall not be less than 110 percent of the aggregate increase in taxes, for the taxable year and the 4 immediately preceding taxable years, which would have resulted if such amounts had been included in such person's gross income ratably over such taxable years. (ii) If deductions have been allowed under section 404 for contributions paid on behalf of the individual while he is an owner-employee for a number of prior taxable years less than 4, clause (i) shall be applied by taking into account a number of taxable years immediately preceding the taxable year in which the amount was so received equal to such lesser number. (C) If subparagraph (B) does not apply to a person for the taxable year, the increase in tax of such person for the taxable year attributable to the amounts to which this paragraph applies shall be 110 percent of such increase (computed without regard to this subparagraph). (E) For special rules for computation of taxable income for taxable years to which this paragraph applies, see subsection (n)(3). [5] *17 *18 Pursuant to section 72(m)(2), contributed amounts allowed as a deduction under section 404 are not treated as contributions made by the self-employed individual. See section 1.72-17A(b), Income Tax Regs. The special treatment that section 72(m)(5) provides for distributions to owner-employees prior to the age of 59 1/2 years was enacted to discourage owner-employees from using retirement plans as income averaging devices by deducting contributions in high income years and withdrawing them in low income years. [6] *19 S. Rept. No. 992, 87th Cong., 1st Sess. (1961), 1962-3 C.B. 324-325; H. Rept. No. 378, 87th Cong., 1st Sess. (1961), 1962-3 C.B. 273. See also sec. 401(d)(4)(B). Unfortunately, petitioner, who is an attorney, did not file a brief and has failed to otherwise inform the Court of the rationale underlying his disagreement wth respondent's determination of the tax applicable to the distribution he received upon the termination of his retirement plan. In computing the tax upon this distribution, petitioners excluded the distribution from his income to the extent of his total contributions to the plan, that is $ 15,000. Respondent, on the other hand, determined that only that portion of the distribution attributable to nondeductible contributions was excludable from petitioner's income. Accordingly, he included $ 9,475 in petitioner's income and calculated the tax thereon as provided in section 72(m)(5)(B)(i). Respondent continues to maintain that this determination *20 of the tax applicable to the distribution is correct. On the record before us, we must sustain respondent's determination. First, it is clear that petitioner was only entitled to exclude from his gross income tax portion of the distribution attributable to nondeductible contributions. Sec. 72(e)(1)(B); sec. 72(m)(2). See also sec. 402(a)(1). The remainder of the distribution was includable in petitioner's gross income. See sec. 1.72-17A(e)(2) and (3), Income Tax Regs. Second, there is no indication that this distribution was outside the terms of section 72(m)(5)(A)(i). Petitioner was under 59 1/2 years of age when he terminated his retirement plan, and the record does not even suggest that petitioner had become disabled within the meaning of section 72(m)(7) when he received the distribution. Finally, we have reviewed respondent's computation of the tax applicable to the distribution under section 72(m)(5)(B)(i) and have found no error. Accordingly, we hold that petitioner's objection to respondent's determination is without merit. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue. ↩
2. Although the record indicates that petitioner had intended to argue that the tax imposed by sec. 72(m)(5) constituted a penalty for purposes of determining the interest which would accrue thereon under sec. 6601 (see sec. 6601(e)(3)), we do not have jurisdiction to decide that issue. Generally, the Tax Court does not have jurisdiction over matters concerning interest. LTV Corporation v. Commissioner, 64 T.C. 589 (1975); Hudgins v. Commissioner, 55 T.C. 534 (1970); Chapman v. Commissioner, 14 T.C. 943 (1950), affd. per curiam 191 F. 2d 816↩ (9th Cir. 1951).
3. Although respondent increased petitioner's 1975 income tax by both the amount of the tax calculated under sec. 72(m)(5)(B)(i) and the additional tax which would arise by simply including $ 9,475 in petitioner's taxable income, he has since conceded that both adjustments would be improper under sec. 72(m)(5)(B)(i)↩ and has stipulated that the latter increase should be eliminated from the computation of petitioner's tax liability.
4. See sec. 2001, Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 952, 1974-3 C.B. 121. For the treatment of amounts received under sec. 72(m)(5)(A) during taxable years ending prior to September 3, 1974, see sec. 1.72-17, Income Tax Regs.↩
5. Prior to its repeal by sec. 2005(c)(3), Employee Retirement Income Security Act of 1974, 88 Stat. 991, 1974-3 C.B. 160, sec. 72(n) provided: (3) Determination of taxable income.--Notwithstanding section 63 (relating to definition of taxable income), for purposes only of computing the tax under this chapter attributable to amounts to which this subsection or subsection (m)(5) applies and which are includible in gross income-- (A) the taxable income of the recipient for the taxable year or receipt shall be treated as being not less than the amount by which (i) the aggregate of such amounts so includible in gross income exceeds (ii) the amount of the deductions allowed for such taxable year under section 151 (relating to deductions for personal exemptions); and (B) in making ratable inclusion computations under paragraph (5)(B) of subsection (m), the taxable income of the recipient for each taxable year involved in such ratable inclusion shall be treated as being not less than the amount required by such paragraph (5)(B) to be treated as includible in gross income for such taxable year. In any case in which the preceding sentence results in an increase in taxable income for any taxable year, the resulting increase in the taxes imposed by section 1 or 3 for such taxable year shall not be reduced by any credit under part IV of subchapter A (other than section 31 and 39 therefore) which, but for this sentence, would be allowable.
6. For taxable years ending after December 31, 1975, sec. 75(m)(5) asserts the following tax against distributions described in sec. 72(m)(5)(A): (B) If a person receives an amount to which this paragraph applies, his tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of the amount so received which is includible in his gross income for such taxable year. This change was enacted because Congress did not believe that the original treatment provided for such distributions adequately deterred withdrawals prior to the age of 59 1/2 years. H. Rept. No. 93-779 (1974), 1974-3 C.B. 359↩.