STANLEY MAZUR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mazur v. Commissioner
Docket No. 19245-86
United States Tax Court
T.C. Memo 1992-308; 1992 Tax Ct. Memo LEXIS 332; 63 T.C.M. (CCH) 3077; June 1, 1992, Filed *332 Decision will be entered under Rule 155. Stanley Mazur, pro se. Frank McClanahan, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rule 180 et seq. [1]
Respondent determined deficiencies in and additions to petitioner's Federal income tax for the years 1978 through 1983 as follows: Additions to Tax, Plus Increased Interest Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659(a)
6621(d)
1978
$ 14,852
$ 743
- - $ 4,456
[2]
1979
2,974
149
- - 892
[2]
1980
398
20
- - -
-
1981
116
- $ 6
[1]
-0-
-
1982
802
-0-
-0-
-0-
-0-
-
1983
49
-0-
-0-
-0-
-0-
-
*333 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Jensen Beach, Florida, when he filed his petition. This case arose as a result of petitioner's investment in two tax shelters, Structured Shelters, Inc., and Music Masters, Ltd., in 1981 and 1982, respectively. All issues pertaining to Structured Shelters, Inc., and Music Masters, Ltd., including the additions to tax and increased interest, have been settled pursuant to a stipulation. The only question remaining is petitioner's liability for interest pursuant to section 6601(a) and section 6621(a)(2). Petitioner claimed investment credit from Structured Shelters, Inc., on his 1981 Federal income tax return and investment credit from Music Masters, Ltd., on his 1982 return. He filed an application for a tentative carryback adjustment of taxes paid in 1978, 1979, and 1980, based on the investment tax credit carrybacks from 1981 and 1982. On July 26, 1982, respondent issued a check to petitioner in the amount of $ 20,041.41, representing a claimed tentative carryback refund and interest on the refund from January 1, *334 1982 as follows: Year
Refund
Interest
1978
$ 14,852
$ 1,481.13
1979
2,974
296.58
1980
398
39.70
As a result of his application for a tentative carryback adjustment, petitioner's returns were examined, and, on March 24, 1986, the notice of deficiency upon which this case is based was issued. On December 20, 1985, petitioner made a payment to respondent which was treated as a deposit in the nature of a cash bond pursuant to Rev. Proc. 84-58, 1984-2 C.B. 501. This payment was in the amount of petitioner's 1978 tax liability of $ 14,852. On the same date, petitioner paid $ 4,000 to respondent, designating this amount as interest. Petitioner still contested the issues with respect to Structured Shelters, Inc., but desired to stop the running of interest. In November 1988, petitioner entered into a stipulation of settlement with respect to Structured Shelters, Inc. The stipulation was filed with the Court on March 20, 1989. On December 12, 1988, petitioner sent an additional check to respondent in the amount of $ 4,874. Respondent applied this amount to petitioner's tax liability as follows: Year
Liability
1979
$ 2,974
1980
398
1981
651
1982
802
1983
49
*335 On the same day, petitioner paid $ 2,000 to respondent, designating this amount as interest. All deficiencies for the years in question have been paid. Petitioner overpaid his 1981 tax liability by $ 535, which amount was credited to his account. Petitioner continued to contest his tax liabilities with respect to his investment in Music Masters, Ltd. However, petitioner rescinded his lease with Music Masters, Ltd., on January 7, 1986, after it was enjoined as an abusive tax shelter. In view of the fact that petitioner rescinded his Music Masters lease, never completed his investment in Structured Shelters, Inc., and made advance payments of all his tax deficiencies, respondent conceded the determined additions to tax in all years and the increased interest under section 6621(c). The only remaining issue is whether petitioner is liable for statutory interest, over and above the $ 6,000 of interest he has already paid. This Court does not generally have jurisdiction over interest. LTV Corp. v. Commissioner, 64 T.C. 589 (1975); Chapman v. Commissioner, 14 T.C. 943 (1950), affd. per curiam 191 F.2d 816 (9th Cir. 1951). *336 While there are exceptions to this rule, see, e.g., section 6681(c) (Tax Court has jurisdiction over interest that is assessed in connection with a jeopardy assessment), none of those exceptions apply here. Hence this Court is not empowered to redetermine the amount of interest which has been determined on petitioner's tax liability. To reflect the stipulations and concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For interest accruing after December 31, 1984, 120 percent of the interest with respect to a substantial understatement attributable to tax-motivated transactions.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. ↩