JAMES W. PERKINS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14968-87.     Filed April 3, 1989.

*Kevin O'Connell,* for the petitioner.
*Marsha Keyes* and *Kathey I. Shaw,* for the respondent.

## OPINION

GERBER, *Judge:* This case was assigned to Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986 and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on cross-motions for summary judgment. The question to be decided is whether an amount paid by petitioner in 1983 on a deficiency determined by respondent for the taxable year 1980, was deductible in 1983 as a payment of interest under section 163(a).

FACTUAL BACKGROUND

Respondent by notice of deficiency dated February 27, 1987, determined a deficiency in petitioner's Federal income tax for the taxable year 1983 in the amount of $3,694. The only adjustment to his 1983 taxable year contested by petitioner is the disallowance of an interest expense deduction in the amount of $7,362.[2] Pursuant to the notice of deficiency, petitioner filed a timely petition with this Court. At the time of filing the petition herein, petitioner resided at Lake Oswego, Oregon.

Petitioner is a cash basis taxpayer. On December 19, 1983, respondent issued a notice of deficiency to petitioner for the taxable year 1980 determining a deficiency in the amount of $17,588.50. On December 30, 1983, petitioner calculated the interest accrued on the deficiency, as of that date, and mailed a check in the amount of $7,361.57 to respondent. In the letter accompanying the check, petitioner requested that the remittance be credited to his account as a payment of accrued interest. Upon receipt of petitioner's check, respondent credited the entire amount as an advance payment on the tax deficiency. Respondent did not notify petitioner that the amount had been credited as a payment of tax rather than as a payment of interest as petitioner had directed. Petitioner claimed an interest deduction on his 1983 Federal income tax return in the amount of $7,362.

Pursuant to the December 19, 1983, notice of deficiency, petitioner filed a petition with this Court to contest the deficiency for the taxable year 1980. The ensuing case was resolved on April 18, 1986, by a stipulated decision wherein

---

[2]The actual amount of interest petitioner claims to have paid to respondent is $7,361.57. However, petitioner apparently rounded to the nearest dollar all amounts shown on his 1983 return.

petitioner's deficiency for 1980 was decided to be $17,588.50, the exact amount determined in the notice of deficiency.

OPINION

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. *Shiosaki v. Commissioner*, 61 T.C. 861, 862 (1974). Summary judgment is not a substitute for trial, in that disputes over factual issues are not to be resolved in such proceedings. *Naftel v. Commissioner*, 85 T.C. 527 (1985); *Espinoza v. Commissioner*, 78 T.C. 412, 416 (1982). Rule 121 provides that either party may move for a summary judgment in his favor upon all or any part of the legal issues in controversy. The Rule further provides that a decision shall be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

There is no dispute as to a material fact here. Further, there is no question but that petitioner actually paid the amount claimed in 1983. Thus, the only issue for decision is whether the payment is properly deductible in 1983 as a payment of interest.

Petitioner argues that he is entitled to claim the deduction in 1983 by virtue of section 461(f). That section provides as follows:

SEC. 461(f). CONTESTED LIABILITIES.—If—

(1) the taxpayer contests an asserted liability,

(2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability,

(3) the contest with respect to the asserted liability exists after the time of the transfer, and

(4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year),

then the deduction shall be allowed for the taxable year of the transfer.
* * *

Section 461(f) itself does not authorize a deduction, rather it relates only to the timing of a deduction otherwise

allowable under the Code. It is section 163(a) which provides for the deduction. Section 163(a) provides that: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness."[3]

Respondent argues that there was no indebtedness within the meaning of section 163(a). Respondent further argues that petitioner does not qualify under section 461(f)(2) or under section 461(f)(4). In this regard, we note that the requirements of section 461(f)(4) provide that the deduction would be allowed but for the fact that the asserted liability is contested. Thus, respondent's argument under section 461(f)(4) is identical to his first argument, which is that there was no indebtedness.

We will first address respondent's argument under section 461(f)(2). Respondent argues that the liability asserted was for additional tax, not interest, and petitioner did not designate any of the payment as a payment of tax.

Section 6601(a) provides as follows:

If any amount of tax imposed by this title * * * is not paid on or before the last date prescribed for payment, interest on such amount at an annual rate established under section 6621 shall be paid for the period from such last date to the date paid.

Section 6601(e) provides in part as follows:

Interest prescribed under this section on any tax shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. * * *

Thus, under section 6601(a), interest is required to be paid on any underpayment of tax. Further, under section 6601(e), the interest is assessed and collected in the same manner as the tax. However, it is not required to be included in a notice of deficiency since as a general rule this Court has no jurisdiction with respect to interest under section 6601(a).[4] See *Standard Oil Co. v. McMahon,* 244 F.2d 11, 13 (2d Cir. 1957); *LTV Corp. v. Commissioner,* 64 T.C. 589, 597 (1975);

---

[3]Sec. 163 was amended by the Tax Reform Act of 1986 to disallow the deduction of personal interest. Sec. 163(h), I.R.C. 1986. Personal interest generally includes interest on tax deficiencies. H. Rept. 99-841 (Cong.) (1986), 1986-3 C.B. (Vol. 4) 154. This amendment, however, does not affect the disposition of the issue before us.

[4]See, however, sec. 6246(a), Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3751, amended Code sec. 7481 by adding new subsec. (c). The amendment provides that the Tax Court may reopen a case to determine whether the taxpayer overpaid interest and the amount of such overpayment.

*Hudgins v. Commissioner,* 55 T.C. 534, 538 (1970); *Chapman v. Commissioner,* 14 T.C. 943, 946-947 (1950), affd. per curiam 191 F.2d 816 (9th Cir. 1951). But, it is well settled that tax and interest thereon constitute a single liability, the interest being merely a part of the tax made so by statute. *Colorado Milling & Elevator Co. v. Howbert,* 57 F.2d 769, 772 (10th Cir. 1932); *Big Diamond Mills Co. v. United States,* 51 F.2d 721, 725 (8th Cir. 1931); see also *United States v. Childs,* 266 U.S. 304 (1924).

In addition, we note that in the Explanation of Adjustments attached to the 30-day letter, respondent included a page which showed the total amount due from petitioner as $24,405.61. This amount was broken down as follows:

| | |
|---|---|
| Total amount due as a result of the examination on 07/08/83 | $24,405.61 |
| Additional taxes: | |
| Balance due | 17,588.50 |
| Total additional taxes | 17,588.50 |
| Interest: | |
| 20% from 02/01/82 to 12/31/82 | 3,218.94 |
| Plus 12% from 04/15/81 to 01/31/82 | 1,682.71 |
| Total simple interest | 4,901.65 |
| Total additional taxes plus simple interest | 22,490.15 |
| Interest compounded after 12/31/82 | 1,915.46 |
| Total additional taxes plus interest | 24,405.61 |
| Total additional taxes, interest, and penalties as of 07/08/83 | 24,405.61 |

The Explanation of Adjustments further stated as follows:

ADDITIONAL INTEREST WILL ACCRUE AT THE CURRENT RATE OF 11% COMPOUNDED DAILY AND THE NEGLIGENCE PENALTY, IF APPLICABLE, WILL ALSO CONTINUE TO ACCRUE.

SINCE ADDITIONAL TAX IS DUE, YOU MAY WANT TO PAY IT NOW AND LIMIT THE INTEREST AND PENALTY CHARGES. PLEASE MAKE YOUR CHECK PAYABLE TO INTERNAL REVENUE SERVICE.

Based on the foregoing, we find that respondent's claim included both additional taxes and interest.

Respondent argues, however, that regardless of whether the amount claimed by him includes interest, there was no "asserted liability" within the meaning of section 461(f) at

the time petitioner paid the amount because there had been no assessment.

In *Arheit v. Commissioner,* 31 T.C. 46 (1958), respondent examined the taxpayer's Federal income tax returns for the taxable years 1945 through 1950. As a result of the examination, agents of respondent proposed deficiencies. Since respondent was considering criminal tax charges against the taxpayer, respondent did not issue a 30- or 90-day letter. In April 1952, the taxpayer sent a check to respondent in the amount of $66,639.70. The taxpayer directed that the remittance be applied to the proposed deficiencies and to interest as of the date of payment. Respondent deposited the funds in a suspense account pending the assessment of deficiencies and interest. In 1955, the taxpayer executed a Form 870, and deficiencies, additions to tax and interest were assessed for the taxable years 1945 through 1950. On his 1952 Federal income tax return, the taxpayer claimed a deduction for a portion of the amount paid, as a payment of interest. We held that the remittance in 1952 was not a payment of interest for which a deduction could be taken. We found that there was no formal determination made against the taxpayer in 1952. Relying on *Rosenman v. United States,* 323 U.S. 658 (1945) and *Lewyt Corp. v. Commissioner,* 215 F.2d 518 (2d Cir. 1954), affg. 18 T.C. 1245 (1952), modified on another point 349 U.S. 237 (1955), we held that the remittance credited to the Internal Revenue Service (IRS) suspense account does not constitute a payment of tax. The Court relied on the fact that no formal determination had been made (no 30- or 90-day letter had been issued) and thus respondent, by not making any definite determination in 1952, left open his procedures for revising the proposed deficiencies upward or downward.

In *Rosenman v. United States, supra,* the taxpayer made a remittance of $120,000 to the IRS in December 1934, prior to the filing of an estate tax return. The taxpayers designated the check as a payment on account of Federal estate tax. The IRS placed the funds in a suspense account. The estate tax return was filed 2 months later reflecting an estate tax liability of approximately $80,000. The following month, March 1935, the IRS applied $80,000 of the $120,000

payment in satisfaction of the amount of tax assessed on the return.

After an examination of the return, the IRS determined, approximately 3 years later, that the total tax due was approximately $129,000. When the taxpayer failed to file a petition with this Court, the deficiency of approximately $49,000 was assessed. The IRS applied the balance of the suspense account (approximately $40,000) to the assessed amount and in April 1938 the taxpayer paid the remainder of the liability.

The IRS rejected the taxpayer's claim for refund filed in 1940 on the basis that the tax had been paid more than 3 years prior to the filing of the claim (except the payment made in April 1938). The IRS argued that the payment of taxes was made in December 1934 when the $120,000 check was remitted.

The Supreme Court held that the remittance in 1934 was in the nature of a deposit or cash bond and not a payment which would begin the running of the period of limitations. The Court held that "the taxpayer did not discharge what he deemed a liability nor pay one that was asserted. This was merely an interim arrangement to cover whatever contingencies the future might define." *Rosenman v. United States, supra* at 662.

In *Lewyt Corp. v. Commissioner, supra,* the taxpayer filed a petition in response to a notice of deficiency relating to income tax and excess profits tax deficiencies for 1943. After settlement negotiations, the taxpayer in September 1947 remitted approximately $190,000 to the IRS designating a portion for additional taxes and the balance for interest. The IRS deposited the check in its "Suspense Account." A settlement stipulation was filed in February 1948.

Also, based upon an examination of the 1944 and 1945 tax years, the taxpayer forwarded approximately $179,000 to the IRS in September 1947. The taxpayer designated a part of the remittance for tax and part for interest. No notice of deficiency for 1944 and 1945 had been issued. The IRS deposited the funds to the suspense account.

The taxpayer argued that the portion of the remittances with respect to excess profits taxes and interest should be

allowed as a deduction in computing net operating losses for 1947. The issue thus was whether the excess profits taxes and interest could be considered as "paid" in that year.

The court of appeals, relying on *Rosenman v. United States, supra,* held that the remittance did not constitute a payment. The court stated:

> While we do not read *Rosenman* to foreclose treating as a tax payment any remittance made prior to assessment, we do think that it supports the view that a remittance which does not *satisfy* an asserted tax liability should not be treated as the "payment" of a tax. Satisfaction may, as in *Rosenman,* follow from payment of a tax assessed, for such a payment extinguishes the asserted liability, even though the taxpayer is left with an independent claim for refund which survives the discharge of the assessment. * * * In short, there can be no payment without satisfaction whether pursuant to or apart from an assessment. Here the taxpayer was tendering its check with one hand, and contesting its liability to pay with the other. Its Tax Court proceedings as to the 1943 deficiency still stood, and that avenue was still open to it as to 1944 and 1945 taxes. [*Lewyt Corp. v. Commissioner,* 215 F.2d at 522-523.]

Accordingly, the court held that the remittances did not constitute a payment.

In *Shubert v. Commissioner,* 41 T.C. 243 (1963), the taxpayer's 1948 return was in question. In 1955, respondent's agents made an informal recommendation with respect to a deficiency and addition to tax for 1948. In that same year, the taxpayer voluntarily tendered $20,000 to respondent attempting a payment of interest with respect to the 1948 deficiency. The taxpayer eventually executed a Form 870 in 1957, and the deficiency was then assessed. The 1955 remittance was credited to respondent's suspense account. We held in that case that the taxpayer was not entitled in 1955 to a deduction of interest citing *Rosenman, supra; Lewyt, supra;* and *Arheit, supra.*

The aforementioned cases can be distinguished from this case. The tax years involved in *Rosenman v. United States, supra; Lewyt Corp. v. Commissioner, supra;* and *Arheit v. Commissioner, supra,* were prior to the effective date of section 461(f). The taxable year 1955 was in issue in *Shubert* and thus section 461(f), which was enacted with the Internal Revenue Code of 1954, would have been effective. However, no mention or discussion is had with respect to

that section in *Shubert.* Thus, section 461(f) does not play a role in any of the aforementioned cases. Furthermore, *Rosenman, Arheit,* and *Shubert,* involved remittances made prior to the issuance of a notice of deficiency.[5]

In *Lewyt Corp. v. Commissioner, supra,* a remittance was made after issuance of a notice of deficiency. The Court of Appeals, however, did not focus on whether the notice of deficiency had been issued or whether the liability had been assessed. Rather, the Court of Appeals assumed that there was an asserted liability. However, the court's concern was that the asserted liability was not *satisfied* since it was being contested by the taxpayer. Section 461(f) deals with the question of contested liabilities. Thus, at least to the extent that there was an asserted liability against the taxpayer in *Lewyt Corp.,* it would appear that the result might be different had section 461(f) been in effect for the year in issue.

In *Estate of Goodall v. Commissioner,* T.C. Memo. 1965-154, affd. in part and revd. in part 391 F.2d 775 (8th Cir. 1968), we held, under facts similar to those in *Shubert* and *Arheit,* that a payment designated as an interest payment on a deficiency, which was made prior to issuance of a notice of deficiency and which was credited to a suspense account, was not a deductible payment of interest. On appeal to the Court of Appeals for the Eighth Circuit, this issue was conceded by respondent. The Eighth Circuit stated that, "the Commissioner now concedes that 'the interest payment was received and acknowledged as such' by him and that the deduction was proper." 391 F.2d at 781.

In *Charles Leich & Co. v. United States,* 165 Ct. Cl. 127, 329 F.2d 649 (1964), the taxpayer transferred money to respondent in payment of additional taxes and interest after the examiner's report had been issued, but prior to the issuance of a notice of deficiency. The court held that there had been no payment of a contested liability under section 461(f), and thus the taxpayer was not entitled to claim a deduction for interest paid. The court found that the Senate Finance Committee report seemed to indicate that in order for there to be an asserted liability, the taxpayer "must be

---

[5]*Rosenman* involves a remittance prior to the filing of the return.

put in a position where inaction on his part will cause him to have a legal obligation to pay the tax." [6] *Charles Leich & Co. v. Commissioner*, 333 F.2d at 872. [7]

Here, were it not for the restrictions on assessment in section 6213, discussed *infra*, petitioner would have had an immediate legal obligation to pay the tax. Under the circumstances of the case before us, we find that the issuance of the notice of deficiency constituted the assertion of a liability against petitioner.[8]

Respondent in this case applied the remittance to the tax deficiency. The aforementioned cases applied the taxpayer's remittance as a cash bond to a suspense account. While we do not believe that respondent's application of the remittance should necessarily determine its characterization for tax purposes, we note that in this case respondent did not treat the remittance as a cash bond. Thus, to the extent that respondent relies upon his treatment of a remittance as a cash bond as determinative of its characterization for tax purposes, those cases are inapplicable. Here respondent treated the remittance as a payment. Under the circumstances of this case, we find that the payment made by petitioner, after issuance of the notice of deficiency, was a transfer of money to provide for the satisfaction of an asserted liability within the meaning of section 461(f)(2).

Respondent also argues that petitioner fails to meet the requirement of section 461(f)(4) that "but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier year)." In this regard respondent argues that even if the asserted liability were not contested, petitioner would still not be entitled to an interest deduction under section 163(a).

"Indebtedness" for the purpose of determining deductible interest means "an existing, unconditional and legally enforceable obligation for the payment of money." *First*

---

[6]S. Rept. 830, 88th Cong., 2d Sess. (1964), 1964-1 C.B. (Part 2) 505, 604-605.

[7]On Jan. 17, 1989, after briefs in this case were submitted, respondent issued Rev. Rul. 89-6, 1989-3 I.R.B. 4, wherein he acknowledged that as a result of a change in administrative procedures, he would not follow the conclusion in *Leich* that, in the absence of a tax assessment, an amount proposed in a revenue agent's or examiners' report is not an asserted liability within the meaning of sec. 461(f).

[8]We note that the dissent in *Charles Leich & Co.* opined that even the lack of a formal notice of deficiency should not prevent a claim for additional tax and interest thereon as being considered an asserted liability.

*National Co. v. Commissioner,* 289 F.2d 861, 865 (6th Cir. 1961). Section 6213(a) provides (with certain exceptions not relevant here) that after a notice of deficiency is issued, no action may be taken by respondent to assess or collect the tax until the expiration of 90 days or, if a petition has been filed, until the decision of the Tax Court becomes final. Thus, respondent argues that at the time petitioner transferred money to respondent, there was no "existing, unconditional or legally enforceable obligation for the payment of money," and thus there could be no interest deduction.

It appears that the only thing which prevented the deficiency from being an "existing, unconditional or legally enforceable obligation for the payment of money" is section 6213. Section 6213 allows petitioner to contest the asserted liability in the Tax Court and prevents respondent from immediately assessing the asserted liability.

Petitioner made a clear and unambiguous designation to respondent that the payment should be applied to interest. Generally, a partial payment made by a taxpayer to respondent with specific instructions as to its application will be applied in accordance with those instructions. See *Keith v. Commissioner,* 35 T.C. 1130 (1961). Respondent argues that petitioner's designation of the payment as interest was invalid since it did not conform with respondent's revenue procedures. Respondent thus credited the payment as an advance payment of tax.

Specifically, respondent relies upon Rev. Proc. 82-51, 1982-2 C.B. 839, which he interprets as requiring the payment to be a complete or partial satisfaction of the deficiency in tax. Respondent further cites Rev. Proc. 84-58, 1984-2 C.B. 501, as clarifying his position on this question. That procedure permits the taxpayer to designate a payment of interest only if the taxpayer pays the underlying tax with respect to the amount designated as interest. Thus, respondent argues that petitioner's designation of the entire payment as interest, constitutes a failure to comply with his revenue procedures. Respondent thus concludes that he was justified in not complying with petitioner's designation.

Section 163(a) provides for a deduction of interest paid on indebtedness. Section 163(a) does not require that the debt

be paid prior to the payment of interest. Thus, respondent's requirement in his revenue procedure would appear to be an unwarranted restriction. We note that respondent's revenue procedure represents nothing more than "the contention of one of the parties to the litigation." *Estate of Smead v. Commissioner*, 78 T.C. 43, 47 n. 5 (1982).[9]

We find that the payment by petitioner was a payment of interest for which a deduction could be claimed in 1983 but for the fact that respondent was forbidden by section 6213 from taking immediate action to assess or collect the tax. Accordingly, we hold that petitioner is entitled to a deduction in 1983, in the amount of $7,362, for interest paid on indebtedness. Petitioner's motion for summary judgment will be granted, and respondent's cross-motion for summary judgment will be denied.

> *An order and decision for petitioner will be entered.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, WHITAKER, KÖRNER, HAMBLEN, COHEN, SWIFT, WRIGHT, PARR, WILLIAMS, WELLS, WHALEN, and COLVIN, *JJ.*, agree with this opinion.

RUWE, *J.* did not participate in the consideration of this opinion.

---

[9]Respondent has not argued that the procedure constitutes a long-standing administrative position with congressional or judicial approval. See *Crow v. Commissioner*, 85 T.C. 376 (1985); cf. *United States v. Correll*, 389 U.S. 299 (1967); *Commissioner v. Stidger*, 386 U.S. 287 (1967).