RICHARD AND BARBARA AMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Amann v. Commissioner
Docket No. 21794-92
United States Tax Court
T.C. Memo 1993-542; 1993 Tax Ct. Memo LEXIS 564; 66 T.C.M. (CCH) 1371; November 22, 1993, Filed *564 Richard Amann, pro se. For respondent: Cheryl A. McInroy and Marvis A. Knospe. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] This matter is before the Court on petitioners' motion filed pursuant to Rule 231 for an award of reasonable administrative and litigation costs pursuant to section 7430. Petitioners further seek a return of interest payments with respect to 1987. In their motion, petitioners claim that respondent's position was not substantially justified during the administrative and judicial proceedings concerning the 1987, 1990, and 1991 taxable years. Furthermore, petitioners claim that respondent wrongfully withheld $ 800 in interest payments which were applied to the 1987 deficiency, and they seek a return of this *565 amount. Respondent maintains that her position was substantially justified and, in the alternative, that the administrative and litigation costs claimed are not reasonable. Furthermore, respondent claims that this is not the proper proceeding in which to request a return of interest payments. We first address petitioners' motion as it pertains to the 1987 taxable year. Petitioners' motion for an award of costs and repayment of interest was filed in the instant docket, which pertains to the taxable years 1990 and 1991. There is no record of a similar motion being filed in docket No. 9903-91, which pertains to petitioners' 1987 taxable year. Accordingly, only the taxable years 1990 and 1991 will be considered for purposes of this opinion. [2]
*566 FINDINGS OF FACT At the time they filed the petition herein, petitioners resided in Stow, Massachusetts. Respondent commenced an audit of petitioners' 1990 and 1991 Federal income tax returns. The audit was conducted at the examination division of the Internal Revenue Service (IRS) located in Worcester, Massachusetts. Petitioners claim in their moving papers that they were unable to meet with respondent's agents to prepare for the audit because petitioner Richard Amann was suffering from a severe head injury. As a result, there was little interaction between petitioners and respondent's agents during the initial examination stage. The examination division transferred the administrative file to the IRS office located in Boston, Massachusetts. The Boston office sent petitioners a notice of deficiency for the taxable year 1990 on August 24, 1992, and a notice of deficiency for the taxable year 1991 on August 18, 1992. In the notice of deficiency for the taxable year 1990, respondent determined a deficiency in the amount of $ 6,989 and a penalty pursuant to section 6662(a) in the amount of $ 1,397.80. The notice reflected adjustments to income relating to a State tax refund, *567 Schedule A deductions for taxes, interest expenses, and contributions, Schedule C expenses, rental loss, miscellaneous deductions limited by adjusted gross income, and medical and dental expenses. In the notice of deficiency for the taxable year 1991, respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $ 5,481. The notice reflected a recalculation of tax pursuant to the alternative minimum tax. At or about the same time as the mailing of the notices of deficiency, the examination division received information from petitioners. During the period from August 11, 1992, through October 6, 1992, petitioners sent to the examination division eight letters containing relevant information about some of the adjustments concerning the 1990 taxable year. The administrative file was returned to the examination division for processing of the new information. After a review of this information, the examination division issued an amended report (dated October 7, 1992) for the taxable year 1990, suggesting that the 1990 return be accepted as filed. IRS District Counsel in Boston, Massachusetts, received the supplemented administrative file on November *568 20, 1992. Petitioners filed a petition on September 28, 1992, in the instant docket in which they claimed that the "IRS arbitrarily disallowed 1990 deductions and refused to explain why". With respect to the 1991 deficiency, petitioners referred to respondent's purportedly incorrect calculation of the alternative minimum tax. District Counsel filed an answer on November 23, 1992, which denied most of the allegations made in the petition. On December 31, 1992, the Court entered an agreed decision reflecting that there were no deficiencies in or additions to tax due for the taxable years 1990 and 1991. On March 22, 1993, petitioners filed a motion to vacate the decision entered in docket No. 21794-92. In their motion, petitioners alluded to the fact that they were seeking an award for administrative and litigation costs pertaining to the taxable years 1990 and 1991. [3]
*569 On May 14, 1993, petitioners filed the present motion for an award in the amount of $ 4,775.94 for administrative and litigation costs for the taxable years 1990 and 1991. In support of the motion, petitioners filed an affidavit of petitioner Richard Amann setting forth the nature and amount of the costs allegedly incurred for which an award is claimed. Respondent filed a notice of objection to petitioners' motion on July 19, 1993. On August 6, 1993, the Court received from petitioners a response to respondent's objection to petitioners' motion, a motion for summary judgment, an affidavit in support thereof, and a document entitled "Challenge to Documents". [4] Pursuant to the Court's order, respondent filed a supplement to the notice of objection to petitioners' motion for reasonable litigation costs and administrative costs and return of interest payments on October 18, 1993. *570 The parties have not requested a hearing and this Court has concluded that a hearing is not necessary. Rule 232(a)(3). We will decide the matter based upon the submissions by the parties. OPINION Section 7430[5] allows this Court to award reasonable administrative and litigation costs to the prevailing party in civil tax litigation. To obtain an award for administrative and litigation costs, petitioners (1) must have exhausted all administrative remedies available, (2) must not have unreasonably protracted the proceedings, (3) must satisfy the statutory definition of prevailing party as defined in section 7430(c)(4)(A)(iii), and (4) must show that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioners must establish all of the above elements in order to recover such an award. Minahan v. Commissioner, 88 T.C. 492, 497 (1987). *571 To be considered a prevailing party within the definition of section 7430(c)(4), petitioners must show, inter alia, that (1) the position of the United States was not substantially justified, (2) petitioners prevailed with respect to the amount in controversy or with respect to the most significant issue(s), and (3) petitioners satisfied the net worth requirement. Respondent conceded that petitioners substantially prevailed with respect to the amount in controversy for the taxable years 1990 and 1991 and that petitioners met the net worth requirement as defined by section 7430(c)(4)(A)(iii). Respondent further agreed that petitioners exhausted the administrative remedies available to them within the IRS and that petitioners have not unreasonably protracted any of the proceedings. However, respondent objected to the motion for costs on the basis that respondent's position in both taxable years was substantially justified, and, in the alternative, that the costs claimed are not reasonable. The "not substantially justified" standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings. See sec. 7430(c)(7). *572 The term "position of the United States" for purposes of administrative costs means the position taken in an administrative proceeding as determined as of the earlier of the date of the receipt by the taxpayer of the notice of decision of the IRS Office of Appeals or the date of the notice of deficiency. Sec. 7430(c)(7)(B). In view of the fact that there was no notice of decision from the IRS Office of Appeals, we look to the date of the notice of deficiency. The "position of the United States" for purposes of litigation costs refers to the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a petition. Rule 20(a). Generally, respondent initially takes a position on the date she files her answer in response to the petition. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part on other grounds, and remanding T.C. Memo. 1991-144; Han v. Commissioner, T.C. Memo. 1993-386. In determining whether respondent's position was substantially justified, this Court will *573 consider the basis of respondent's legal position and the manner in which respondent maintained that position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). This, in turn, depends upon a finding that the legal basis was reasonable based upon all of the facts and circumstances available to respondent at the time. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The Court will also consider: (1) whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the Court finds relevant * * *
Sher v. Commissioner, 89 T.C. 79, 85 (1987) (quoting H. Rept. 97-404, at 12 (1981)), affd. 861 F.2d 131 (5th Cir. 1988). *574 The fact that respondent eventually loses or concedes the case does not per se establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); VanderPol v. Commissioner, 91 T.C. 367 (1988). Petitioners have the burden of proof on all issues relating to their claim. Rule 232(e). Rutana v. Commissioner, 88 T.C. 1329, 1332 (1987). With respect to the legal basis of respondent's position for both years, we find that petitioners failed to establish that based upon the facts available to respondent at the time, legal precedent did not substantially support respondent's position. For the taxable year 1990, respondent disallowed several deductions claimed by petitioners because they failed to verify that the amounts in question were paid or because it appeared that the expenses were not properly calculated. It is well settled that a taxpayer is required to keep permanent books of account and records to substantiate the income and expenses reported on his income tax return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Generally, when a taxpayer does not produce proof *575 of claimed deductions, disallowance is proper. See Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); Schnelten v. Commissioner, T.C. Memo. 1993-264. In their moving papers, petitioners claimed that respondent was in possession of information which could verify the deductions claimed. However, from a review of the record, there is little or no information present to establish that the material needed for purposes of substantiation was already in the possession of the IRS. [6]
With respect to the 1991 year, respondent, in recalculating the alternative minimum tax, included in the computation the home mortgage interest petitioners claimed as a 1991 Schedule A deduction. *576 [7] Respondent's decision to include the interest was based upon (1) petitioners' inclusion of the interest in their calculations and (2) at the time the notice of deficiency was issued, respondent did not possess sufficient information to establish that the home mortgage interest was affiliated with a qualified residence, sec. 163(h)(4) and, therefore, not included in alternative minimum tax calculations. Although petitioners claim that respondent had all the necessary information, there is no clear indication that petitioners did present such information to respondent's agents. Petitioners have not alleged or presented any facts warranting a conclusion that respondent's legal position was unreasonable. We now look to the manner in which respondent maintained her position throughout the proceedings. As noted above, petitioners bear the burden of proving respondent's *577 position was not substantially justified. Rutana v. Commissioner, supra.
As of the date the notices of deficiency were issued, respondent's agents received from petitioners information pertaining to the 1990 taxable year. Throughout the administrative proceeding, petitioners proceeded to present similar information in a piecemeal process which was not completed until early October 1992. The record does not reflect whether petitioners presented any evidence concerning the 1991 taxable year. There is no indication in the record that respondent undertook a position during the administrative process that was not substantially justified. For example, there appears to be no instance of respondent's failing to consider a claim made by petitioners for entitlement to a deduction that had been supported by sufficient proof. During this time, petitioners claim that they attempted to contact respondent's agents on several occasions to discuss their case (in particular, to seek respondent's justification for disallowance), but that either their requests went unanswered or they met with uncooperative agents. Furthermore, petitioners claim that the information *578 presented by respondent is misleading in that respondent failed to present documents which purportedly would favor petitioners. Petitioners' arguments are not persuasive. Instead of presenting information reflecting the specific dates on which petitioners purportedly tried to contact the agents and the specific inquiries that were made (i.e., presenting the letters allegedly sent by petitioners to respondent's agents), petitioners only offered broad allegations of misconduct. Petitioners' broad statements shed little light on this matter, and we are not required to accept the self-serving testimony given by a party before this Court without corroborating evidence. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). In addition, petitioners cannot compensate for their lack of evidentiary support by criticizing respondent's evidence. Respondent's determinations are presumed correct, and it is petitioners who bear the burden of proving otherwise. Based upon the foregoing, we find that petitioners failed to prove that respondent's position during the administrative proceedings concerning the 1990 and 1991 taxable years was not substantially justified. *579 Therefore, we hold that petitioners are not entitled to an award for reasonable administrative costs. With respect to respondent's position during the judicial proceedings, we look to the date the answer was filed. District Counsel filed an answer on November 23, 1992. Upon further review of the administrative file, District Counsel concluded that the deficiencies and addition to tax for the taxable years 1990 and 1991 should be conceded by respondent. The attorney handling the case for District Counsel claimed that she contacted petitioners the same day that respondent's answer was sent to this Court and informed them that she would be sending them a decision document reflecting no deficiencies or additions to tax for the 1990 and 1991 taxable years. A stipulation of settlement was filed soon after reflecting no deficiencies or additions to tax for either year. Petitioners did not present evidence that respondent's position in the judicial proceedings was not substantially justified as to the 1990 and 1991 taxable years. District Counsel received the administrative file from the examination division on November 20, 1992, and respondent's answer was filed with the Court on *580 November 23, 1992. In a situation where District Counsel receives the administrative file on or about the time an answer is due to be filed, [8] it is not necessarily unreasonable for respondent to enter a general denial of the allegations in the petition. After reviewing the information that petitioners offered and the IRS' amended report concerning the 1990 taxable year, we are satisfied that respondent acted in a timely fashion by conceding the case. After respondent receives documentation, she is entitled to a reasonable period of time in which to analyze the documentation and modify her position. See Sokol v. Commissioner, 92 T.C. 760, 765 n.10 (1989) (citing several cases in which respondent was given a reasonable period of time in which to resolve a factual issue after receiving all relevant information). Furthermore, upon a review of petitioners' purported costs, we find that petitioners did not incur any additional costs between the date the answer was filed and the date respondent conceded the case. *581 Based upon the foregoing, we find that petitioners failed to establish that respondent's position during the judicial proceedings was not substantially justified and hold that petitioners are not entitled to an award for reasonable litigation costs. To reflect the foregoing and the concessions by the parties, An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It should also be noted that the decision with respect to the 1987 taxable year was entered on Oct. 27, 1992. Thus any attempt by petitioners to claim an award for administrative or litigation costs with respect to the 1987 taxable year must fail since the decision was final at the time of the filing of the instant motion. See sec. 7481. In addition, we will not consider petitioners' claim with respect to interest since this Court does not have jurisdiction to hear such matters. See Perkins v. Commissioner, 92 T.C. 749, 752 (1989); LTV Corp. v. Commissioner, 64 T.C. 589, 597↩ (1975). It should further be noted that sec. 7481(c) does not apply.
3. In light of petitioners' request for costs, the stipulated decision was later recharacterized as a stipulation of settlement, thereby permitting consideration of a claim for an award of administrative and litigation costs.↩
4. The motion for summary judgment will be denied since said motion is not a proper response to respondent's objection and, further, since it is essentially a duplication of petitioners' simultaneously filed response. We also conclude that petitioners' objection to certain documents is without merit.↩
5. Since the proceedings in the present case were commenced after Nov. 10, 1988, sec. 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239, 102 Stat. 3743, will apply. The effect of TAMRA on sec. 7430 in part is that sec. 7430↩ was amended to delineate separately the administrative and court phases of the proceedings.
6. Petitioners also claim that they had various disputes with the IRS agents concerning their 1987 return and that the only reason their 1990 and 1991 tax returns were audited was because of those controversies. Petitioners have failed to present any evidence to support this allegation.↩
7. Respondent also included in the computation the amount ($ 3,200) petitioners claimed on Schedule E as a depreciation deduction for real property.↩
8. Respondent's answer was to be filed on or about Nov. 28, 1992. Rule 36(a).↩