ALI FAISAL SHEERAZI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sheerazi v. Commissioner
Docket No. 7857-93
United States Tax Court
T.C. Memo 1994-245; 1994 Tax Ct. Memo LEXIS 247; 67 T.C.M. (CCH) 3033; May 31, 1994, Filed *247 Ali Faisal Sheerazi, pro se. For respondent: Patricia A. Riegger. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1991 in the amount of $ 2,604. The sole issue for decision is whether petitioner is entitled to deduct interest paid to the IRS on income taxes and additions to tax. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Flushing, New York, on the date the petition was filed in this case. Petitioner timely filed his tax return for the year 1991 with the IRS. Petitioner is an accountant working in a Manhattan, New York, *248 certified public accounting firm. Sometime prior to 1991, the IRS determined a deficiency in petitioner's Federal income tax and additions to tax. [2] In order to pay the amounts determined, petitioner and the IRS entered into an installment agreement in which petitioner was required to make small monthly payments to the IRS spanning a number of years. In 1991, petitioner decided to pay to the IRS the remaining balance due, rather than to continue making the monthly payments. Petitioner paid the IRS approximately $ 12,000, of which $ 8,500 was interest on the income tax deficiency and the additions to tax. On Schedule A, line 9b, entitled "Home mortgage interest not reported to you on Form 1098", of petitioner's 1991 Federal income tax return, petitioner claimed a deduction for interest paid to the "Internal Revenue *249 Service" in the amount of $ 8,500. Respondent, in her notice of deficiency, disallowed the deduction on the ground that the interest was personal interest, which was not deductible. Petitioner claims that interest paid to the IRS is deductible under section 163. Deductions are strictly a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934). The taxpayer has the burden of proving his entitlement to all deductions claimed. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Interest on income tax deficiencies and additions to tax is generally considered to be personal interest of the individual taxpayer. Perkins v. Commissioner, 92 T.C. 749, 752 n.3 (1989); sec. 1.163-9T(b)(2), Income Tax Regs., 52 Fed. Reg. 48407, 48409 (Dec. 22, 1987). Section 163(h) (1) specifically provides that in the case of a taxpayer other than a corporation no deduction shall be allowed for personal interest paid or accrued during the taxable year. Section 163(h) (2) defines personal interest to mean any interest other than -- (A) interest paid *250 or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee), (B) Any investment interest * * *, (C) any interest which is taken into account * * * in computing income or loss from a passive activity of the taxpayer, (D) any qualfied residence interest * * *
Petitioner claimed a deduction in the amount of $ 8,500 paid to the IRS which was for interest on income tax deficiencies and additions to tax. Such payment was personal interest, and accordingly, it is not deductible. Sec. 163(h). Based on the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner refused to reveal any details surrounding the deficiency and the installment agreement, such as the amount, the year it related to, or when it was determined, monthly payments, and the like.↩