40 F.3d 1235
 74 A.F.T.R.2d 94-7406
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Richard AMANN and Barbara Amann, Petitioners, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.
 No. 94-1110
 United States Court of Appeals,
First Circuit.
 Dec. 5, 1994
 
 Appeal from The United States Tax Court [Hon. Peter J. Panuthos, Chief Judge ]
 Richard Amann on brief pro se.
 Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Gilbert S. Rothenberg and S. Robert Lyons, Attorneys, Tax Division Department of Justice, on brief for appellee.
 U.S.T.C.
 AFFIRMED.
 Before SELYA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioners Richard and Barbara Amann appeal a decision by the United States Tax Court denying their request for administrative and litigation costs, pursuant to 26 U.S.C. Sec. 7430, in connection with proceedings concerning their tax returns for 1987, 1990 and 1991, and for a return of interest paid on their 1987 tax liability. We affirm the decision essentially for the reasons given by the Tax Court in its memorandum and opinion dated November 22, 1993.
 
 
 2
 Petitioners have failed to meet their burden of showing that the "position of the United States" in either the administrative or judicial phases of the proceedings relating to the 1990 and 1991 tax returns was not "substantially justified." See Kenagy v. United States, 942 F.2d 459, 463 (8th Cir. 1991); Zinniel v. Commissioner, 883 F.2d 1350, 1356 (7th Cir. 1989), cert. denied, 494 U.S. 1078 (1990). Petitioners are barred from seeking costs relating to their 1987 tax return because their request was filed after the date on which the decision in that case became final. See Sanders v. Commissioner, 813 F.2d 859, 862 (7th Cir. 1987) (court without jurisdiction to entertain motion for costs pursuant to Sec. 7430 after case has been dismissed); 26 U.S.C. Sec. 7481 (decision of Tax Court becomes final upon expiration of time allowed for filing an appeal). The Tax Court was likewise without jurisdiction to entertain their claim for a refund of interest paid in regard to their 1987 return. See Perkins v. Commissioner, 92 T.C. 749, 752 (1989).
 
 
 3
 Affirmed.