JEFFREY W. BAUMANN & JEAN M. GILSON BAUMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baumann v. Commissioner
Docket No. 519-94
United States Tax Court
T.C. Memo 1995-313; 1995 Tax Ct. Memo LEXIS 315; 70 T.C.M. (CCH) 61; 19 Employee Benefits Cas. (BNA) 1804; July 18, 1995, Filed *315 Decision will be entered for respondent. Jeffrey W. Baumann & Jean M. Gilson Baumann, pro sese. For respondent: Gail K. Gibson. ARMEN
ARMEN
MEMORANDUM FINDINGS OF FACT AND OPINION ARMEN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1990 in the amount of $ 1,143. The principal issue for decision is whether petitioners are entitled to a deduction of $ 4,000 for contributions to their individual retirement accounts in 1990. The resolution of this issue depends on whether petitioner Jean M. Gilson Baumann (petitioner) was an "active participant" in a pension plan during 1990. If the Court sustains respondent's deficiency determination, then we *316 must address petitioners' request that they be relieved of liability for interest. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. Petitioners resided in Coon Rapids, Minnesota, at the time their petition was filed with the Court. Petitioners are husband and wife. For the taxable year 1990 they filed a timely joint income tax return and reported adjusted gross income (AGI) thereon in the amount of $ 66,725. Petitioner was employed by St. Mary's Medical Center (the Medical Center) from June 1988 until June 1990. The Medical Center provided retirement benefits through the Daughters of Charity National Health System Retirement Plan (the Retirement Plan), a defined benefit plan which required no contributions by employees. During the taxable year 1990, the Retirement Plan was a qualified plan within the meaning of section 401(a) and was exempt from tax under section 501(a). Participation in the Retirement Plan was automatic as soon as an employee became eligible for participation. On January 1, 1990, petitioner became eligible to participate in the Retirement Plan by virtue of having worked at the Medical Center for at least 1 year and having worked *317 a minimum of 1,000 hours. Petitioner was not actually aware that the Medical Center provided the Retirement Plan, and was therefore not actually aware that she became a participant in the plan as soon as she became eligible to participate. On their joint individual income tax return for 1990, petitioners claimed deductions totaling $ 4,000 for contributions to their Individual Retirement Accounts (IRAs). These deductions were disallowed by respondent on the basis of respondent's determination that petitioner was an active participant in the Retirement Plan. OPINION In general, a taxpayer is entitled to deduct the amount contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The amount allowable as a deduction to the taxpayer in any taxable year may not, however, exceed the lesser of $ 2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1). In addition, the amount of the deduction is limited where the taxpayer or the taxpayer's spouse was, for any part of the taxable year, an "active participant" in a pension plan qualified under section 401(a). Sec. 219(g)(1), (5)(A)(i). In the case of a taxpayer *318 who files a joint return, the deduction is reduced using a ratio determined by dividing the excess of the taxpayer's modified AGI over $ 40,000, by $ 10,000. [2] Sec. 219(g)(2) and (3). This provision results in a total disallowance of the IRA deduction where the total modified AGI reported on a joint return exceeds $ 50,000. Therefore, because petitioners reported AGI in excess of $ 50,000 on their 1990 joint income tax return, they are not entitled to the IRA deductions as claimed if petitioner was an "active participant" in a pension plan at any time during 1990. Petitioners contend that petitioner was not an "active participant" in a pension plan during 1990 because she was not aware of her automatic inclusion in the Retirement Plan. By contrast, respondent contends that petitioner was an "active participant" in a pension plan. Section 1.219-2(b), Income Tax Regs., *319 defines "active participant" as follows: (b) Defined Benefit Plans -- (1) In general * * * an individual is an active participant in a defined benefit plan if for any portion of the plan year * * * She is not excluded under the eligibility provisions of the plan. * * *
The Court has previously held that, in the absence of any statutory language limiting the definition of "active participant" to those who are actually aware of the existence of an employer's retirement plan, we cannot read such a restriction into the statute. Sec. 219(g)(5)(A); Boykin v. Commissioner, T.C. Memo. 1981-447; Hollon v. Commissioner, T.C. Memo. 1980-47. Moreover, the legislative history accompanying the 1986 amendments to section 219 supports the conclusion that as long as a taxpayer is eligible to participate in a retirement plan, regardless of whether the taxpayer is aware of the plan's existence, the taxpayer is an "active participant" within the meaning of the statute. The House conference report states, in part, as follows: an individual is considered an active participant in a defined benefit plan if the individual is eligible *320 to participate in the plan, even if the individual elects not to participate. [H. Conf. Rept. 99-841 (1986), 1986-3 C.B. (Vol. 4) at 378]
Despite the fact that petitioner was not actually aware that she would automatically become a participant in the Retirement Plan, we conclude that petitioner was an "active participant" in the Retirement Plan during the 1990 taxable year because she was eligible to participate, and did in fact participate, in a qualified retirement plan within the meaning of sections 401(a) and 501(a) during that year. Petitioners argue that if they had been aware that participation in the Retirement Plan depended on working a minimum of 1,000 hours during the year, then petitioner would have stopped working when her hours totaled 999. We think our analysis above is dispositive of this argument. In any event, we note that the U.S. Supreme Court has held that "a transaction is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred." Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579 (1977) (quoting Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974)). *321 Because petitioners reported AGI in excess of $ 50,000 on their 1990 joint income tax return, we sustain respondent's determination that petitioners are not entitled to the $ 4,000 deduction that they claimed for contributions to their IRAs on that return. Even though the law may seem harsh to petitioners, we may not ignore the plain language of the statute and, in effect, rewrite it in order to achieve what might be viewed by them as the equitable result. Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532; Zadan v. Commissioner, T.C. Memo. 1993-85. As acknowledged by petitioners at trial, the power to legislate is exclusively the power of Congress and not of this Court or any other court. See Iselin v. United States, 270 U.S. 245, 250 (1926). Having concluded that petitioners are liable for the deficiency in income tax, we next address their request, made in the petition, that they be relieved of liability for interest. Petitioners impressed the Court as honest and conscientious taxpayers. Unfortunately, they experienced some *322 frustration during the examination of their 1990 income tax return. Although the Court can appreciate petitioners' frustration, we must nevertheless note that matters involving interest do not, as a general rule, fall within the scope of this Court's jurisdiction. Perkins v. Commissioner, 92 T.C. 749, 752 (1989); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975); see sec. 6404(e); Marine v. Commissioner, 92 T.C. 958, 994 (1989), affd. without published opinion 921 F.2d 280 (9th Cir. 1991); 508 Clinton Street Corp. v. Commissioner, 89 T.C. 352 (1987). Although there are certain narrowly defined exceptions to this rule, none of them apply in this case. See, e.g., sec. 7481(c); Bax v. Commissioner, 13 F.3d 54 (2d Cir. 1993). In short, it is simply not within our power in this case to relieve petitioners from any part of the statutory interest on the deficiency that will be due. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As relevant herein, we use the term "modified AGI" to mean AGI determined without regard to any deduction under sec. 219 for contributions to an IRA.↩