T.C. Memo. 1999-311

UNITED STATES TAX COURT

ELLIOT G. STEINBERG, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 44873-85.                    Filed September 21, 1999.

<u>Walter F. Spath III</u>, for petitioner.

<u>John J. Comeau</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to Rules 180, 181, and 183.[1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

--------

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  The matter before the Court is an order to petitioner to show cause why a decision should not be entered in this case in accordance with an agreement of the parties with respect to the deficiencies in tax, the additions to tax, and the increased interest under section 6621(c).[2]

In a notice of deficiency, respondent determined the following deficiencies and additions to tax with respect to petitioner's 1980 and 1981 tax years:

| | | Addition to Tax |
|---|---|---|
| Year | Deficiency | Sec. 6653(a) |
| 1980 | $364,191.06 | $18,210 |
| 1981 | 334,735.66 | 16,737[1] |

> [1]For 1981, the addition to tax is under sec. 6653(a)(1) for the amount shown, plus, under sec. 6653(a)(2), 50% of the underpayment attributable to negligence or intentional disregard of rules or regulations.

In addition, respondent determined that the underpayments for each year were substantial underpayments attributable to tax-motivated transactions, and, accordingly, such underpayments were subject to the increased rate of interest under section 6621(c).

---

[2]     Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.

A petition was filed timely challenging all of respondent's determinations. No overpayments of tax were alleged in the pleadings. The case has never proceeded to trial. Two stipulations of settled issues have been filed by the parties. One of the stipulations includes an agreement by the parties to be bound by the outcome of a then pending case. The decision in that case has since become final. The other stipulation resolves all of the other issues in the present case.

Petitioner was a resident of California when the petition was filed.

The parties agree that, in accordance with the stipulations of settled issues, the deficiencies in tax are $297,478 and $168,178, respectively, for 1980 and 1981; there is no addition to tax due from petitioner for 1980 under section 6653(a); there is no addition to tax due from petitioner for 1981 under section 6653(a)(1) and (2); and, for the years 1980 and 1981, $295,309 and $167,178, respectively, are substantial underpayments attributable to tax-motivated transactions and thus subject to increased interest under section 6621(c). The parties do not now question these amounts.

At issue is whether this Court has jurisdiction to apply, to petitioner's 1980 tax year, the portion of an overpayment by petitioner for his 1973 tax year that respondent applied to an unpaid assessed tax liability for petitioner's 1975 tax year.

On November 4, 1988, this Court entered stipulated decisions in docket Nos. 7886-77 and 9957-78 indicating that petitioner had overpayments in income tax in the amounts of $101,286 and $4,649, respectively, for 1973 and 1974. In December 1988, respondent mailed a check to petitioner in the amount of $152,624.35 for the overpayment in tax plus interest for the 1973 tax year.[3] The record does not indicate whether a check was sent to petitioner for his 1974 overpayment, nor is there any question before the Court with respect to the 1974 overpayment. Petitioner neither endorsed nor negotiated the $152,624.35 check. In a letter dated December 21, 1988, counsel for petitioner returned the check to respondent. The letter requested that "the overpayments be reapplied by the IRS to those years for which deficiencies either have been proposed or assessed, per the following instructions." The letter then provided instructions as to how petitioner wanted the overpayments to be applied among several tax years. Particularly, the letter directed that $67,078 of the 1973 overpayment be applied to petitioner's 1980 tax year, one of the years before the Court in this case.

Respondent did not follow petitioner's instructions. Respondent did not reissue a refund check. Instead, respondent

---

[3] The documentation submitted by the parties differs with respect to the date the check was issued and whether or not the check also included the overpayment for 1974. These differences are not material to the question before the Court.

credited the overpayments from 1973 and 1974 to petitioner's tax liability for 1975 (the 1975 liability). Petitioner was not immediately informed of this action.

Petitioner's case here, involving his 1980 and 1981 tax years, was settled as noted above. In February 1994, respondent prepared a stipulated decision to reflect the parties' agreement and sent it to petitioner for his execution. Sometime during this process, petitioner raised questions regarding the application of the 1973 overpayment to his 1980 tax year as he had earlier requested.

By letter dated September 28, 1995, respondent advised that petitioner's December 1988 letter requesting application of petitioner's overpayments contained errors in calculation and informed petitioner's counsel that, because of those errors, IRS had applied the overpayment to petitioner's 1975 tax liability as well as to other years. Petitioner, through counsel, responded in a letter dated June 21, 1996, that the December 1988 letter did not contain any errors in calculation and requested that IRS apply the overpayments in accordance with petitioner's request. Respondent declined to do so. Petitioner declined to execute the proposed stipulated decision prepared by respondent for this case and, instead, prepared a stipulated decision that he forwarded to respondent. The document prepared by petitioner recited the same provisions contained in respondent's stipulated decision with

respect to the deficiencies, additions to tax, and increased interest but contained a paragraph that $67,078 had been paid on December 21, 1988, on the deficiency for 1980, which amount was not reflected in the agreed deficiency for 1980.

Respondent informed petitioner by letter dated February 22, 1998, that respondent did not agree with the added stipulation and would not sign the decision document prepared by petitioner. On October 9, 1998, petitioner filed a motion characterized as a "Motion to Compel Computation for Entry of Decision Pursuant to Rule 155." By Order dated October 15, 1998, the Court filed petitioner's motion as a "Motion to Compel Computation for Entry of Decision" because no opinion had been issued in this case. Respondent was ordered to file with the Court a written response to petitioner's motion.

Respondent filed a response to petitioner's motion. Based upon this response, which recited the above facts, the Court denied petitioner's motion to compel computation for entry of decision. Further, the Court ordered petitioner to show cause why a decision should not be entered in this case in accordance with the decision document prepared by respondent, since there is no dispute with respect to the deficiencies in tax, additions to tax, and increased interest for the 1980 and 1981 tax years.

In his response to the show cause order, petitioner requests that the Court enter a decision in the form he prepared or,

alternatively, that the Court enter a decision in the form prepared by respondent but also separately order respondent to apply $67,078 of petitioner's 1973 overpayment to petitioner's 1980 tax deficiency.

This Court is a court of limited jurisdiction; accordingly, the Court may only exercise jurisdiction to the extent expressly permitted or provided by statute. See Trost v. Commissioner, 95 T.C. 560, 565 (1990); Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). Thus, this Court has jurisdiction to redetermine a deficiency if a notice of deficiency is issued by the Commissioner and if a petition is filed timely by the taxpayer. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Respondent issued a valid notice of deficiency, and petitioner filed a timely petition; therefore, this Court has jurisdiction to redetermine the deficiency or to determine an overpayment for each of the years at issue. The parties have agreed to the amounts of the deficiencies, the additions to tax, and increased interest. Petitioner has not and does not now claim an overpayment for either year at issue. Instead, petitioner contends that his return of the refund check was a deposit in the nature of a cash bond to be applied or credited to his 1980 tax liability, and that respondent did not properly apply the deposit in accordance with petitioner's instructions in

his December 1988 letter in which the refund check was returned. Petitioner asks the Court to enter a decision in the form he prepared, or, alternatively, that the Court enter a decision in the form prepared by respondent but separately order respondent to apply $67,078 of petitioner's 1973 overpayment to petitioner's 1980 deficiency.

Petitioner contends this Court has jurisdiction to order the application of petitioner's 1973 overpayment to the 1980 tax liability if the return of the refund check in 1988 was in the nature of a cash bond, rather than a payment of tax, relying on Risman v. Commissioner, 100 T.C. 191 (1993); Perkins v. Commissioner, 92 T.C. 749 (1989); and Shubert v. Commissioner, 41 T.C. 243 (1963).

Under section 6402, the Commissioner is expressly authorized to credit the amount of an overpayment against any tax liability of the taxpayer. See sec. 6402(a). Section 6512(b) generally defines this Court's jurisdiction to determine overpayments. Paragraph (4) of that section serves to deny jurisdiction to this Court "to restrain or review any credit or reduction made by the Secretary under section 6402." See sec. 6512(b)(4).[4]

---

[4] Sec. 6512(b)(4) was added by the Taxpayer Relief Act of 1997 (TRA 1997), Pub. L. 105-34, sec. 1451(b), 111 Stat. 788, 1054. Sec. 6512(b)(4) became effective on Aug. 5, 1997, see TRA 1997 sec. 1451(c), 111 Stat. 1054, and is therefore applicable to this case.

Pursuant to the authority conferred by section 6402(a), respondent credited $67,078 of the overpayment by petitioner of his 1973 taxes against his assessed and unpaid tax liability for 1975. Petitioner contends that respondent did not apply the overpayment according to his instructions in the December 1988 letter. However, section 6512(b)(4) clearly restricts the jurisdiction of this Court to decide that matter because that would constitute a review of a credit made under section 6402.

Our holding in this case is consistent with our holding in Winn-Dixie Stores, Inc. v. Commissioner, 110 T.C. 291 (1998). In that case, the taxpayer agreed to the Commissioner's determination for certain years before the Court (the present years' underpayments). The Commissioner and the taxpayer also agreed as to the overpayments for certain years not before the Court (the prior years' overpayments). The taxpayer requested that the Commissioner offset the prior years' overpayments against the present years' underpayments. However, the Commissioner refunded to the taxpayer the prior years' overpayments, including interest thereon calculated at the overpayment rate under section 6621(a)(1). The Commissioner later mailed notices of tax due, including interest calculated at the underpayment rate under section 6621(a)(2) and (c), for the present years' underpayments. The taxpayer paid the present years' underpayments, together with interest at the underpayment

rate.  The taxpayer in the case pending before this Court for the present years then claimed that the Commissioner's failure to offset, pursuant to section 6402(a), caused the taxpayer to overpay interest for the years before the Court (the present years' overpayments).[5]

The issue in Winn-Dixie Stores, Inc. was whether the Commissioner abused his authority by failing to offset the prior years' overpayments against the present years' underpayments. The Commissioner argued that, pursuant to section 6512(b)(4), this Court did not have jurisdiction to decide that matter.

The Court agreed that, under section 6512(b)(4), the Court does not have authority to restrain or review any credit or reduction made by the Commissioner under section 6402.  However, the Court held that, under section 6512(b)(1), this Court has jurisdiction to find that there is a deficiency in tax, or to find that there is no deficiency in tax, and, in either situation, the Court has jurisdiction to determine whether there has been an overpayment.  The Court further pointed out that, in connection with a deficiency determination, the amount of

_____

[5]     Interest on the present years' underpayments was affected because there is no net interest due for the period of mutual indebtedness if the Commissioner exercises his authority to offset under sec. 6402(a).  See sec. 6601(f).  However, there is net interest due if there is no offset.  Net interest results in this instance because the rate for calculating interest on overpayments is less than the rate for calculating interest on underpayments.  See sec. 6621(a).

interest paid can be determined as part of the overpayment because section 6601(e)(1) provides that interest shall be treated as a tax.  In <u>Winn-Dixie Stores, Inc.</u>, the taxpayer had made payments of the tax deficiencies for the years before the Court as well as the interest on such deficiencies.  The taxpayer claimed an overpayment of that interest.  The Court held that the claim fell within its jurisdiction to determine an overpayment.

In this case, there is no deficiency at issue, nor is there a claim of overpayment by petitioner for the years 1980 and 1981. Petitioner claims that an overpayment for a year not before the Court, 1973, should be credited to the deficiency for the 1980 year before the Court.  The relief petitioner seeks is nothing more than a request for the review of a credit by the Commissioner under section 6402.  It is not a request for the recovery of an overpayment for the year 1980.  Accordingly, this Court has no jurisdiction to consider the relief petitioner seeks.  See <u>Savage v. Commissioner</u>, 112 T.C. 46 (1999).

Therefore, we hold that the Court has no jurisdiction to order respondent to credit petitioner's 1980 deficiency with that portion of the 1973 overpayment requested by petitioner.

<u>An appropriate order and decision will be entered</u>.